# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ALBERT THOMPSON,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO: 2005-CV-938-M** |
| | ) |
| **D.A.N. JOINT VENTURE III, L.P.** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now the undersigned legal counsel for Plaintiff and files this Memorandum brief in support of Plaintiff's Motion for Partial Summary Judgment pursuant to rule 56 of the Federal Rules of Civil Procedure. In further response the Plaintiff states as follows:

### I. PROCEDURAL HISTORY

On [Date C*omplaint filed*], Plaintiff Albert Thompson filed his Complaint and Demand for Jury Trial with this Court, alleging that Defendant DAN Joint Venture, III, L.P. violated the Fair Debt Collection Practices Act. Defendant has filed its Answers and Defenses denying that the Fair Debt Collection Practices Act was violated. The parties have exchanged and answered written discovery.

Plaintiff now files his Motion for Partial Summary Judgment and this memorandum brief and exhibits in support thereof. All referenced evidentiary exhibits are attached and incorporated herein.

## II.   STATEMENT OF MATERIAL FACTS

1. On 1/18/1996, Gwendolyn and Albert Thompson as consumers purchased a used car for personal use from McDowell Acura in Dothan Alabama.  Albert Thompson co-signer on the Installment Sales Agreement with his wife.  After the Thompson's applied for credit, they executed with Keller Financial Services, a Retail Installment Contract to purchase a used automobile at McDowell Acura in Dothan Alabama. **Def. I.D. pgs** 22 - 25, 30, 136, 139 and 229. **(references are to specific exhibits and documents produced by Defendant and to the respective bates-stamped number assigned by Defendant, unless otherwise indicated.)**

2. The terms of the Installment Sales / Security Agreement included language setting the terms and conditions of the security instrument and creating the security interest. **Def. I.D. pgs** 24-25, 229.

3. The credit extended to the Thompson's was secured by a security interest lien on the used automobile that they purchased.  **Def. I.D. pgs** 22-25, 229.

4. The last payment made by Gwendolyn Thompson under the agreement occurred on 8/27/1996.  It was for the July 1996 payment.  Thereafter no additional payments were made by the Thompson's under the Retail Installment Contract instrument.  **Def. I.D. pg** 150, 161 and 162.

5. On 10/18/1996 Keller Financial Services accelerated the amount due from the Thompson's and involuntarily repossessed the used automobile financed through the Retail Installment Contract provisions with Keller Financial. **Def. I.D. pgs** 224, 150, 156, 168, 169 and 237.

6. The notice of repossession given by Keller Financial Services provided that the debt was accelerated and the full amount owed of $12,284.34 as of 10/18/1996 was required to be paid to redeem the automobile or the collateral would be sold at a private sale after 10/28/1996.  **Def. I.D. pg** 169.

7. Prior to the sale of the repossessed collateral, Keller Financial Services issued and executed the *Alabama Department of Revenue Motor Vehicle Division – Repossessed*

*Motor Vehicle Affidavit and Disposition of Vehicle Under Lien* on the used automobile. (Emphasis added)  The affidavit was executed by Keller Financial Services to apply for a new title document on the repossessed vehicle.  The affidavit certification in part states, … *"the undersigned has repossessed the motor vehicle described above because of the failure of the former owner to meet his obligation for settlement of a Lien of Security Interest on said vehicle and that the interest of the Owner was lawfully terminated.  The said vehicle was sold or re assigned, pursuant to the terms of the Security Instrument."* **Def. I.D. pg** 224

8. The new Certificate of Title on the vehicle issued in Keller Financial Services name is dated 11/22/1996. **Def. I.D. pg** 155.

9. On 12/5/1996, the used automobile was sold at the Dothan Auto Auction as part of the repossession sale process to Randy's Auto Sales.  The price paid by Randy's Auto Sales was $2,880.00 after expenses.  **Def. I.D. pgs** 151, 155.

10. The Certificate of Title on the vehicle was transferred to the new buyer on 12/05/1996. **Def. I.D. pg** 155.

11. By 7/15/1997, the debt for the used automobile had been charged off as a bad debt by Keller Financial Services.  Albert Thompson was notified in the letter that the amount due (after the prior repossession sale) of $9,396.56 was due in full and was being reported to *"all credit bureaus"* and also that *"Keller Financial Services, Inc. may choose to pursue this balance legally by filing a claim against you in court."* **Def. I.D. pgs** 28 29, 147, 149.

12. On 8/20/2004, Defendant DAN Joint Venture sent a letter via certified mail to Albert Thompson regarding the Installment Sales Contract with Keller Financial Services on the used automobile and the balance on the car to be paid immediately. **Def. I.D. pgs** 182 and 183.

13. On 10/8/2004, Defendant DAN Joint Venture filed a civil action in the District Court of Houston County Alabama naming Albert and Gwendolyn Thompson as defendant to collect on the alleged debt from the Keller Financial Services Security Instrument on the automobile.  Service on Albert Thompson was never perfected. **See State Court Complaint, Plaintiff I.D. pgs** 7-16.

14. Defendant DAN Joint Venture is the alleged and averred assignee of the security

interest executed by the Thompson's in favor of Keller Financial Services.

15. This action on behalf of Albert Thompson was filed to recover for violation of the Fair Debt Collection Practices Act for the filing of the time-barred civil action in the state court. **See Complaint in this matter.**

# III.  ISSUES

1. Defendant's filing of a civil action to recover for Time-Barred debt is Violation of the Fair Debt Collection Practices act.

2. The 6 Year Statute of Limitations provided by a Secured Instrument under Alabama UCC Article 9 and UCC Article 3 applies - the alleged debt was time-barred and extinguished before the defendant filed the civil action in the Circuit Court of Houston County, Alabama.

3. Alternatively, the General Alabama Statute of Limitations for Contracts of 6 years is applicable and the debt was time-barred before Defendant filed the civil action in the Circuit Court of Houston County, Alabama.

4. Plaintiff reserves the right for presentation of evidence on actual and statutory damages, attorney's fees, costs and expenses of the litigation for subsequent evidentiary hearing or trial.

# IV.  ARGUMENT AND ANALYSIS

**Standard for Summary Judgment**.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247/-/48, 106 S. Ct. 2505,

4

2509/-/10, 91 L. Ed. 2d 202 (1986).  Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment.  *Id.* at 248, 106 S. Ct. at 2510.  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party."  *Id.*  Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movant has met its burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586/-/87, 106 S. Ct. 1348, 1355/-/56, 89 L. Ed. 2d 538 (1986).  It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 252, 106 S. Ct. at 2512.

There is no dispute of facts regarding the dates relevant to the court's inquiry on whether the alleged debt being collected was time-barred before the moment of the filing of the civil action against Albert Thompson.  Further there is no dispute that the filing of a civil complaint to collect on a time-barred debt is a violation of the Fair Debt Collection Practices Act. Given the expiration of the applicable statute of limitations, and the resulting extinguishment of the debt, Defendant's claims in the state court action constitutes a false representation of the account balance, violating § 1692e(2)(A) and § 1692e(10) of the Fair Debt Collection Practices Act.  Thus, a grant of partial summary judgment is appropriate for any violations of the Fair Debt Collection Practices Act arising from Defendant's actions.

**Issue 1.     Filing of an action to recover for Time-Barred debt is Violation of the Fair Debt Collection Practices Act (FDCPA.**

The FDCPA provides for both specific and general prohibitions against deceptive, unfair, false, fraudulent, and misleading conduct.  Two of the basic provisions provide as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> . . . (5) the threat to take any action that cannot
> legally be taken or that is not intended to be taken.
>
> . . .(10) the use of any false representation or
> deceptive means to collect or attempt to collect any
> debt or to obtain information concerning a
> consumer.

15 U.S.C. § 1692e.

> Another such provision provides that:

> A debt collector may not use unfair or unconscionable means to
> collect or attempt to collect any debt . . .

15 U.S.C. § 1692f.

Plaintiff has alleged that Defendant has violated these provisions in his complaint,
through Defendant's efforts to collect a time barred and extinguished debt.

The prohibitions expressed by Congress in the FDCPA in general terms such as
"deception" and "unfairness" and the like contemplate that the courts will determine any practice
which offends public policy as it has been established by statutes, the common law, or otherwise
to be a violation of the FDCPA's general proscriptions.  Accordingly, federal courts find that
conduct contrary to applicable State law necessarily violates the FDCPA.  See, *Gaetano vs.
Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414-1415 (D. Conn. 1990) (violation of state
collection agency statute violates FDCPA); *Kuhn vs. Account Control Technology, Inc.*, 865
F.Supp. 1443, 1451–1452 (D. Neb. 1994) (same); *Russey vs. Rankin*, 911 F. Supp. 1449, 1459
(D. NM.1995) (same); *Sibley vs. First Collect, Inc.*, 913 F. Supp. 469, 471-472 (M.D. La. 1995)
(same).

In other cases regarding the attempted collection of time-barred debts, district courts have
found that a complaint alleging that the debt collector violated the FDCPA by knowingly
attempting to collect a time-barred debt, states a cause of action.  "A collection agency's
attempts to collect on time-barred accounts violate the FDCPA."  *Martinez v. Albuquerque
Collection Services, Inc.*, 867 F. Supp. 1495, 1506 (D. N.M. 1994).

In *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985), the Eleventh Circuit

6

stated that violations of this section of the Fair Debt Collection Practices Act must be evaluated from the prospective of the least sophisticated consumer.  Defendant's attempt to collect the extinguished and time barred debt constitutes an act that Defendant cannot legally take in violation of § 1692e(5), constitutes the use of false and deceptive means to collect a debt in violation of § 1692e(10), and constitutes an unfair and unconscionable practice in violation of § 1692f.

In the Middle District of Alabama, Judge Thompson held in *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1489  (M.D. Ala. 1987), that a purchaser of time barred accounts acted unfairly and unconscionably in violation of § 1692f, where the purchaser filed suit on the time barred accounts:

> The court agrees with Kimber that a debt collector's filing of a lawsuit on a debt
> that appears to be time barred, without the debt collector having first determined
> after a reasonable inquiry that [the] limitations period has been or should be
> tolled, is an unfair and unconscionable means of collecting the debt.

*Kimber* at 1487.  The *Kimber* court further reasoned:

> Because few unsophisticated consumers would be aware the statute of limitations
> could be used to defend against lawsuits based on stale debts, such consumers
> would unwittingly acquiesce to such lawsuits.  And, even if the consumer realizes
> that she can use time as a defense, she will more than likely still give in rather
> than fight the lawsuit because she must still expend energy and resources and
> subject herself to the embarrassment of going into court to present the defense;
> this is particularly true in light of the costs of attorneys today.

*Id.* at 1487.

The attempted collection of the subject time barred debt also constitutes an attempt "to take any action that cannot legally be taken" proscribed by 15 U.S.C. § 1692e(5).  The federal courts have been unanimous in their condemnation under the FDCPA of debt collectors who attempt to take any unlawful action. *Picht v. Jon R. Hawks Ltd.*, 236 F.3d 446 (8th Cir. 2001) (unlawful prejudgment garnishment); *Seabrook v. Onondaga Bureau of Medical Economics*, 705 F. Supp. 81, 84-86 (N.D. N.Y. 1989) (threatening garnishment in excess of that permitted by law).  Seeking repayment of unlawful charges is a recurring violation of the Act.  *Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000) (unlawful NSF check fee and interest charges);  *West v.*

*Costen*, 558 F. Supp. 564, 581-583 (W.D. Va. 1983) (dishonored check fees); *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996) (unlawful collection fees); *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1369 (E.D. Cal. 1995) (unlawful legal expenses); *Strange v. Wexler*, 796 F. Supp. 1117, 1118 (N.D. Ill. 1992) (unlawful attorney fees);

Plaintiff contends that the FDCPA was violated by the Defendant in this instance by filing a civil action to collect on a time-barred debt and Plaintiff is due to be granted Summary Judgment on the issue of liability.  The claims of Defendant fail as a matter of law as the debt was time-barred based upon Alabama statutes and case law.  Under Alabama statutes and case law, the time for filing of a civil action had already expired.  Stated again, given the expiration of the applicable statute of limitations, and the resulting extinguishment of the debt, Defendant's claims in the state court action constitutes a false representation of the account balance, violating § 1692e(2)(A) and § 1692e(10), among other provisions of the Fair Debt Collection Practices Act.

**Issue 2.**    **The 6 Year Statute of Limitations provided by a Secured Instrument under Alabama UCC Article 9 and UCC Article 3 applies - the alleged debt was time-barred and extinguished before the defendant filed the civil action in the Circuit Court of Houston County, Alabama.**

The applicable Keller Financial Services Retail Installment agreement was a secured instrument under Alabama's UCC Article 9 and as a note subject to the provisions of UCC Article 3, Ala. Code Section 7-3-101, et. seq., as amended.  See Generally, *Gloor v. BancorpSouth Bank 925 So.2d 984, (Ala. 2005)* and Ala. Code 7-9A-101, et. seq., as amended. Also see vehicle certificate of title issued wherein Keller Financial Services was listed as lienholder.  **Def. I.D. pg** 139.

The statute of limitations for an action on a secured instrument that is a note payable on demand under UCC Article 9 is 6 years pursuant to provisions of Ala Code 7-3-118(a) and (g). Sub Paragraph (a) states as follows: *(a) Note payable at a definite time. -- Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite*

*time must be commenced within six years after the due date or dates stated in the note or, if a*

*due date is accelerated, within six years after the accelerated due date.*

      *See also Ala. Code 7-3-108(b) for definition of a note payable at a definite time, subject*

*to acceleration of the amount due.*  That code provision states: …"*(b) A promise or order is*

*"payable at a definite time" if it is payable on elapse of a definite period of time after sight or*

*acceptance or at a fixed date or dates or at a time or times readily ascertainable at the time the promise*

*or order is issued, subject to rights of (i) prepayment, (ii) acceleration, (iii) extension at the option of*

*the holder, or (iv) extension to a further definite time at the option of the maker or acceptor or*

*automatically upon or after a specified act or event."*

    Ala Code Section 7-3-118 governs as the applicable statute of limitations is a more

specific statute that controls over a general statute of limitations under Alabama law.   The

statute of limitations on this instrument expired after 10/27/2002 or 6 years from the date the

note was accelerated on 10/28/1996 and the collateral securing the instrument sold at the auto

auction to Randy's Auto Sales. See **Def. I.D. pgs**. 169, 150, 224.

    The underlying car loan purchase transaction was, and as is commonly the case,

completed pursuant to the secured instrument provisions of the Alabama Uniform Commercial

Code.  See Generally *Alabama Code Section 7-9A-101, et. seq., as amended.*  The only legal

disposition of the vehicle (with a security interest on the vehicle as collateral) that is statutorily

permitted in favor of Keller Financial is pursuant to Ala Code Section 7-9A-601 through 610,

et seq., is the peaceful repossession and sale of the collateral.  Stated otherwise, the secured

party may peacefully repossess and then sale the vehicle covered by the security interest.

Absent this repossession and sale provision, under Article 9 of the UCC of Alabama, the

secured party is not otherwise able to obtain and dispose of the collateral for a secured lien

transaction.  This transaction was therefore covered by UCC Article 9 and the applicable statute

of limitations of 6 years.  The date is calculated from the date of acceleration of the amount due

under the secured instrument or note payable on demand.  See, Ala. Code 7-3-118(a) quoted

above.

Since the facts of the case clearly show a sale by security interest, a repossession and

sale of the secured collateral as well as specific notice to Albert Thompson of the acceleration

of the amount due, the only presumptive legal conclusion is that the applicable statute of

limitation of 6 years is to applied and this debt expired on **10/27/2002**.  Further, Ala. Code

Section 32-8-46, part of the Alabama Uniform Certificate of Title and Antitheft Act, contains

provisions for terminating the ownership interest of a debtor on a vehicle that has been

repossessed and a new title certificate affidavit from the lien holder of the repossession and

lawful termination of the ownership interests.  See Ala. Code 32-8-46(b).  Also, the provisions

of Ala. Code Section 7-3-309(b) requires that *"A person seeking enforcement of an instrument*

*under subsection (a) must prove the terms of the instrument and the person's right to enforce*

*the instrument"* before recovery would be allowed.  So Keller's use of a self help repossession

right make this instrument subject to the Alabama UCC provisions.  The time is calculated

from the date the note was accelerated at the latest date of **10/28/1996**, (the date of repossession

and notice of acceleration with 10 days to redeem). **Def. I.D. pg 169.**  No civil action was filed

or pending at either time against Albert Thompson.  The civil action against him was not filed

until 10/08/2004.  He is due summary judgment as a matter of law for the claims in this present

action as a result.

**Issue 3.**  **Alternatively, the General Alabama Statute of Limitations for Contracts of 6 years is applicable and the debt was time-barred before Defendant filed the civil action in the Circuit Court of Houston County, Alabama.**

Alternatively, if the note securing the debt on the purchase of the automobile, is construed as a contract for which the statute of limitations is 6 years from the date of default or breach thereof.  The claims raised by the Defendant in the state court action were still time-barred.  The date the statute expired based on the undisputed facts of this case was at the longest 6 years from 10/28/1996 or 10/27/2002.  See Ala. Code Section 6-2-34 et. seq., as amended.  Also, the following case law would apply in the context of this otherwise general statute of limitations:

"Alabama law unambiguously provides that an action for breach of contract accrues, and the statute of limitations begins running, at the time of the breach. *See Stephens,* 429 So.2d at 280; *see also AC, Inc. v. Baker,* 622 So.2d 331, 334-35 (Ala.1993) (declining to apply "continuing contract" doctrine and noting that Alabama Supreme Court has never embraced such a doctrine)." *Selma Housing Dev Corp v. Selma Housing Auth*, 2005 WL 1981290 (FN 40 at 17) (S.D.Ala. 2005).

As found in 1997 by the Alabama Supreme Court in *Mississippi Valley Title v. Hooper*, a case involving breach of a contract to provide legal services and wherein the court while affirming a Rule 12(b)(6), Ala.R.Civ.P order of dismissal, again stated that

"*Generally, the statutory limitations period applicable to a claim based on a breach of duty runs from the date the plaintiff is first entitled to maintain an action based on the breach of duty, regardless of whether the full amount of damage is apparent on that date.  Home Ins. Co. v. Stuart-McCorkle, Inc., 291 Ala. 601, 285 So.2d 468 (1973).  The limitations period begins to run when the*

11

> plaintiff first suffers "legal injury," not when the plaintiff may later pay damages
> or suffer some compounding of the original injury.   *Michael v. Beasley, 583
> So.2d 245 (Ala.1991)*.     In a breach of contract action, for example, the
> limitations period runs from the time the contract is broken, although substantial
> damage or loss from the breach is not sustained until afterward.   *Stephens v.
> Creel, 429 So.2d 278 (Ala.1983)*. Even if the plaintiff is ignorant of the injury at
> the time (except in fraud cases), the limitations period begins to run.   *Garrett v.
> Raytheon Co., 368 So.2d 516 (Ala.1979)*.     This Court has specifically
> distinguished between the word "damage," which means "loss, injury or
> deterioration," and the word "damages," which means "a compensation in money
> for a loss."   *Boswell v. Liberty National Life Insurance Co., 643 So.2d 580
> (Ala.1994)*.     The statute runs from the date of first "damage," not when
> "damages" are later paid."

*Mississippi Valley Title Ins. Co. v. Hooper*, 707 So.2d 209 at 213 (Ala. 1997).

Keller Financial Services accelerated the note upon which the automobile was financed with Albert Thompson.  They accelerated the note as of 10/28/1996.  Any cause of action for a breach of that note expired after 10/27/2002 or 6 years after the date of acceleration of the obligation and the date from which Keller Financial first suffered legal injury and damage.  The action filed by Defendant Dan Joint Venture, standing in the shoes of Keller Financial was time-barred long before the filing date of the civil action of 10/8/2004.

**Issue 4.    Plaintiff reserves the right for presentation of evidence on actual and statutory damages, attorney's fees, costs and expenses of the litigation for subsequent evidentiary hearing or trial.**

By this motion, the Plaintiff seeks only an award of partial summary judgment with regard to the Defendant's liability for violations of the Fair Debt Collection Practices Act.  The

determination of damages, as requested in the Complaint, is reserved for trial by jury. *Sibley v. Fulton DeKalb Collection Services*, 677 F.2d 830 (11th Cir. 1982). *See also Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D.Del. 1991).

After the determination of liability and damages, Plaintiff will seek an award of attorney's fees pursuant to the Fair Debt Collection Practices Act. 15 U.S.C. § 1692k(a)(3). "Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fee . . ." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, at 28 (2d Cir. 1989)

## V. CONCLUSION

Defendant's action in filing of the civil complaint in the Circuit Court of Houston County Alabama on 10/8/2004 violated the Fair Debt Collection Practices Act by (1) attempting to collect a debt that was time barred and otherwise expired, (2) taking an action against the Albert Thompson that could not be taken and (3) using false, misleading, and deceptive means to collect or attempt to collect a debt. Applying the least sophisticated consumer standard of analysis, partial summary judgment on the question of liability should be awarded in favor of the Plaintiff on these violations. Plaintiff requests that damages be determined at a trial before jury as requested in his Complaint.

Respectfully Submitted,

Gerald A. Templeton, Esq.
**One of the Attorneys for Plaintiff**

**OF COUNSEL:**
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park
Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2006, I served by Electronic Transmission, a true and correct copy of the foregoing document to the following parties:

**Jack R. Thompson, Jr., Esq.**
Kracke & Thompson LLP
2204 Lakeshore Drive, Suite 306
Birmingham, AL 35209
205-933-2756

**David G. Poston, Esq.**
Espy, Metcalf & Poston
P.O. Drawer 6504
Dothan, AL 36302
334 793 6288

OF COUNSEL

14

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALBERT THOMPSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO: 2005-CV-938-M** |
| | ) | |
| **D.A.N. JOINT VENTURE III, L.P.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S EVIDENTIARY SUBMISSION

## IN SUPPORT OF ITS MOTION

## FOR PARTIAL SUMMARY JUDGEMENT

### (attachment to Motion and Brief for Partial Summary Judgment)

# RETAIL INSTALLMENT CONTRACT (Simple Finance Charge — Truth in Lending Disclosures)

| CUSTOMERS ("YOU") | CREDITOR (SELLER) ("ME, WE or US") |
|---|---|
| NAME **WENDOLYN THOMPSON** | NAME **McDowell Acura** |
| NAME **ALBERT THOMPSON** | ADDRESS **4083 Ross Clark Circle N.W.** |
| ADDRESS **606 HAVEN** | CITY **Dothan**  STATE **AL**  ZIP **36303** |
| CITY **DOTHAN**  STATE **AL**  ZIP **36301** | |

You agree to pay us the amount shown as "Total of Payments" in consecutive monthly installments commencing on the first due date as shown and on the same day of each succeeding month until paid in full

| New or Used | Year | Make | Body Style | Model or Model No | No of Cyl. | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|---|---|
| USED | 93 | PONTIAC | 4DR | GRANDAM SE | 4 | 1G2NE5433PM592106 | 65709 |

**EXTRA EQUIPMENT (Please Check)**

| | | | |
|---|---|---|---|
| [X] Automatic Trans | [ ] Tinted Glass | [ ] Electric Windows | [X] Air Conditioner | [X] Power Steering | [ ] Electric Seats |
| [ ] Vinyl Roof | [X] Power Brakes | [ ] Radio AM-FM | [ ] Sun Roof | [ ] Tilt Steering Wheel | [ ] C B Radio |
| [ ] Electric Door Locks | Other Equipment | | | | |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $ 900.00 |
| 25.00 % | $ 5915.36 | $ 10000.00 | $ 15915.36 | $ 16815.36 |

Your payment schedule will be

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | $ 331.57 | Feb 18 .19 96 and same date of each following month |

Insurance

**ITEMIZATION OF AMOUNT FINANCED**

| | | | | | |
|---|---|---|---|---|---|
| 1 Cash price (including any accessories, services, and taxes) | | | | $ 9583.50 | (1) |
| 2 Total downpayment—Trade-in | | | | 900.00 | (2) |
| Make N.A. Year N.A. | Gross Trade-in Allowance N.A. | Payoff—made by Seller) N.A. | Trade-in (Net) N.A. plus Cash Downpayment 900.00 | | |
| Model N.A. | | | | | |
| 3 Unpaid Balance Of Cash Price (1 minus 2) | | | | $ 8683.50 | (3) |

4 Other Charges Including Amounts Paid to Others on Your Behalf: $ N.A.

A Cost of Required Physical Damage insurance paid to insurance company ........ N.A.

Coverages as elected below, for a term of _____ months from the date hereof, shall be based upon actual value of Property at time of loss, not to exceed limits of liability set forth in the policy and shall be payable to Buyer, Seller or Seller's assignee as interests may appear

| [ ] Comprehensive $ N.A. Deductible Collision | [ ] Comprehensive $ | [ ] Fire & Theft | [ ] Towing and Labor |
|---|---|---|---|
| [ ] $ N.A. Deductible Collision | [ ] No Deductible Collision | [ ] Combined Additional Coverage | |

N.A.

B Cost of Optional Mechanical Repair Insurance paid to ........ $ N.A.

Coverage is for a term of _____

C Cost of Optional Credit Life Insurance paid to insurance company ........ $ N.A.

D Cost of Optional Credit Disability Insurance paid to insurance company ........ $ 16.50

E License, Title and Registration Fees paid to public officials ........ N.A.

F Other Charges (Seller must identify who will receive payment and describe purpose)

| to **Fidelity Warranty Services** | for **Carefree Car Protection** | $ 1300.00 |
|---|---|---|
| to N.A. | for N.A. | N.A. |

Total Other Charges and Amounts Paid to Others on Your Behalf ........ $ 1316.50 (4)

5 Amount Financed—Unpaid Balance (3 + 4) ........ $ 10000.00 (5)

**Default:** If you fail to make any payment on time or default in complying with any of the terms of this contract, we can require the entire amount of principal and accrued charges due and payable at once. If we refer this contract to an attorney who is not our salaried employee for collection and your original amount financed is more than $300, you agree to pay reasonable attorney fees not to exceed 15% of the unpaid debt after default.

**Prepayment.** You have the right to prepay your contract in full at any time. If you prepay in full ahead of schedule, you will receive a refund or credit of the unearned portion of the finance charge computed by the Rule of 78's. If this contract is renewed or refinanced within 5 days after the date of this contract, you will receive a refund of the unearned charge computed on a daily pro rata basis. No refunds of less than $1.00 will be made.

**Late Payment:** If any payment is more than 10 days late, you will pay a charge equal to 5% of the late amount, but not to exceed $100.00.

**Bad Check Charge:** In the event any payment made by check, draft, negotiable order of withdrawal or like instrument is dishonored by reason of insufficient funds or on deposit in the depository institution, you agree to pay us a bad check charge of not more than the greater of either $20.00 or an amount equal to the actual charge made by the depository institution for the return of unpaid or dishonored instruments.

**Interest After Maturity:** If any balance remains unpaid after the originally scheduled maturity of this obligation, you agree that the unpaid balance of this obligation will bear interest at the rate stated above (Annual Percentage Rate) unless prohibited by law.

**YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM** AUTOMOBILE PHYSICAL DAMAGE INSURANCE REQUIRED UNDER **THIS CONTRACT IS TO BE OBTAINED.**

If you are not satisfied for any reason with the Credit Life Insurance or Credit Life and Disability Insurance purchased, you may return, within 15 days from the date hereof, for cancellation the certificate of insurance and a refund of the full premium and will be made.

**ADDITIONAL TERMS AND CONDITIONS: THE ADDITIONAL TERMS AND CONDITIONS SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.**

Accepted: The foregoing contract is hereby assigned under the terms of the assignment on the reverse side and as indicated below to the following assignee.

**KELLER FINANCIAL SERVICES**
(ASSIGNEE)
**P.O. BOX 15007, CLEARWATER FL 34629**
ADDRESS

| [ ] PB Initial "WITHOUT RECOURSE" | [ ] Initial "FULL RECOURSE" | [ ] Initial "REPURCHASE" |
|---|---|---|
| [ ] Initial "LIMITED GUARANTEE" | To the extent of $ _____ installments have been paid | |

**McDowell Acura**
NAME OF DEALER

BY **Peggie Burres**   TITLE **gr. mgr.**

DATE **Jan 18, 1996**
ALABAMA AUTO  FORM # 5000 (5-92)

**NOTICE TO BUYER**

(1) **Do not sign this contract before you read it or if it contains any blank spaces.**

(2) **You are entitled to an exact copy of the contract you sign.**

Buyer hereby acknowledges receipt of an exact and completely filled in copy of this contract at the time of its execution.

CAUTION—IT IS IMPORTANT THAT YOU THROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Buyer **Wendolyn Thompson**

Buyer **Albert Thompson**

ORIGINAL

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

NAME WENDOLYN THOMPSON
NAME ALBERT THOMPSON
ADDRESS 606 HAVEN
CITY DOTHAN STATE AL ZIP 36301

NAME McDowell Acura
ADDRESS
CITY Dothan STATE AL ZIP 36303

You agree to pay us the amount shown as Total of Payments in consecutive monthly installments commencing on the first due date as shown and on the same day of each succeeding month until paid in full.

| New or Used | Year | Make | Body Style | Model or Model No | No of Cyl | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|---|---|
| USED | 93 | PONTIAC | 4DR | GRANDAM SE | 4 | 1G2NE5433PM592106 | 65709 |

EXTRA EQUIPMENT (Please Check)

☑ Automatic Trans ☐ Tinted Glass ☐ Electric Windows ☑ Air Conditioner ☑ Power Steering ☐ Electric Seats
☐ Vinyl Roof ☑ Power Brakes ☐ Radio AM FM ☐ Sun Roof ☐ Tilt Steering Wheel ☐ C B Radio
☐ Electric Door Locks Other Equipment

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit including your downpayment of $900.00 |
|---|---|---|---|---|
| 25.00 % | $ 5915.36 | $ 10000.00 | $ 15915.36 | $ 16815.36 |

Your payment schedule will be

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | $ 331.57 | Feb 18 , 19 96 and same date of each following month |

Insurance

| Type | Premium | Signature |
|---|---|---|
| Credit Life | $ N.A. | Signature of Consumer Requesting Only Life Insurance ___ Age |
| Credit Disability | $ N.A. | Signature of Consumer Requesting Only Life Insurance ___ Age |
| | N.A. | Signature of Consumer Requesting Life and Disability Insurance ___ Age |

Security: You are giving a security interest in the goods or property being purchased
Late Charge: If a payment is late, you will be charged 5% of the unpaid amount of the payment not to exceed $100
Prepayment: If you pay off early, you may be entitled to a refund of part of the Finance Charge
See below and the other side of this contract for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

| Cash price (including any accessories, services, and taxes) | 9583.50 (1) |

Total Downpayment—Trade-in
Make N.A. Year N.A. Gross Trade-in N.A. (Payoff—made by Seller) Trade-in (Net) N.A. plus $ 900.00 Cash Downpayment
Model N.A. Allowance 900.00 (2)

Unpaid Balance of Cash Price (1 minus 2) 8683.50 (3)

### ITEMIZATION OF AMOUNT FINANCED

Other Charges Including Amounts Paid to Others on Your Behalf:
A. Cost of Required Physical Damage Insurance paid to insurance company $ N.A.
Coverages as indicated below, for a term of ___ months from the date hereof, shall be based upon actual value of Property at time of loss, not to exceed limits of liability set forth in the policy, and shall be payable to Buyer, Seller or Seller's assignee, as interests may appear.
☐ Comprehensive $ N.A. Comprehensive ☐ Fire & Theft Towing and Labor
☐ Deductible Collision ☐ No Deductible Combined Additional Coverage
$ N.A.
B. Cost of Optional Mechanical Repair Insurance paid to $ N.A.
Coverage is for a term of N.A.
C. Cost of Optional Credit Life Insurance paid to insurance company $ N.A.
D. Cost of Optional Credit Disability Insurance paid to insurance company $ N.A.
E. License, Title and Registration Fees paid to public officials $ 16.50
F. Other Charges (Seller must identify who will receive payment and describe purpose):
Fidelity Warranty Services for Carefree Car Protection $ 1300.00
N.A. for N.A. $ N.A.
N.A. for N.A. $ N.A.
Total Other Charges and Amounts Paid to Others on Your Behalf 1316.50 (4)
Amount Financed—Unpaid Balance (3 - 4) 10000.00 (5)

Default. If you fail to make any payment on time or default in complying with any of the terms of this contract, we can require the entire amount of principal and accrued charges due and payable at once. If we refer this contract to an attorney who is not our salaried employee for collection and your original amount financed is more than $300, you agree to pay reasonable attorney fees not to exceed 15% of the unpaid debt after default.

Prepayment. You have the right to prepay your contract in full at any time. If you prepay in full ahead of schedule, you will receive a refund or credit of the unearned portion of the Finance Charge computed by the Rule of 78's. If prepayment occurs on a day other than a scheduled payment date, the nearest scheduled payment date will be used in the computation. If this contract is renewed or refinanced within 15 days after the date of this contract, you will receive a refund of the unearned charge computed on a daily pro rata basis. No refunds of less than $1.00 will be made.

Late Payment. If any payment is more than 10 days late, you will be charged a late charge equal to 5% of the amount, but not to exceed $100.00

Bad Check Charge. In the event any payment made by check, draft, negotiable order of withdrawal or like instrument is dishonored by reason of insufficient funds or on deposit in the depository institution, you agree to pay us a bad check charge of not more than the order of either $20.00 or an amount equal to the actual charge made by the depository institution for the return of unpaid or dishonored instruments.

Interest After Maturity. If any balance remains unpaid after the originally scheduled maturity of this obligation, you agree that the unpaid balance of this obligation will bear interest at the rate stated above (Annual Percentage Rate) unless prohibited by law.

YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM THIS CONTRACT IS TO BE OBTAINED.

AUTOMOBILE PHYSICAL DAMAGE INSURANCE REQUIRED UNDER THIS CONTRACT:

You are not satisfied for any reason with the Credit Life Insurance or Credit Disability Insurance purchased, you may return, within 15 days after the date thereof, for cancellation the certificate of insurance and a refund of the full premium will be made.

ADDITIONAL TERMS AND CONDITIONS: THE ADDITIONAL TERMS AND CONDITIONS SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

Accepted. The foregoing contract is hereby assigned under the terms of the assignment on the reverse side and as initialed below to the following assignee

KELLER FINANCIAL SERVICES
(ASSIGNEE)
BOX 15007, CLEARWATER FL 34629
ADDRESS
PB "WITHOUT "FULL "REPURCHASE"
Initial RECOURSE" Initial RECOURSE" Initial
"LIMITED To the extent of $ ___ until

NOTICE TO BUYER
(1) Do not sign this contract before you read it or if it contains any blank spaces.
(2) You are entitled to an exact copy of the contract you sign. Buyer hereby acknowledges receipt of an exact and completely filled in copy of this contract at the time of its execution.
CAUTION—IT IS IMPORTANT THAT YOU THOROUGHLY READ THE

THIS IS TO CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL INSTALLMENT SALES / SECURITY AGREEMENT ON FILE AT KELLER FINANCIAL SERVICES CORPORATION. SUBSCRIBED BEFORE ME THIS DATE ___ SIGNED ___ DATE ___ NOTARY ___ PERSONALLY KNOWN TO ME



# Recovery Division

Date: __7-15-97__

Albert Thompson
6606 East Haven
Dothan, AL 36301

RE: Account # : __030 - 200058__          Collateral: __93 Pontiac Grand Am__

Dear Albert Thompson,

The balance remaining on the above referenced account has been charged - off as a bad debt and reported to all credit bureaus.

The balance due is as follows:

| | |
|---|---|
| Pay-Off at Time of Charge-Off: | $ __9,159.74__ |
| Late Charges Due: | $ __236.82__ |
| Charge-Off Amount Due: | $ __9,396.56__ |

In order for you to protect your credit rating it is necessary that you forward this amount to us immediately.  If you are unable to pay the full amount we may be able to accept a monthly payment plan if you contact me within 10 days.

If you do not make arrangements to pay, the derogatory credit will remain on your credit history and Keller Financial Services, Inc. may choose to pursue this balance legally by filing a claim against you in court.

Please contact this office immediately so that we may resolve this matter quickly.  We look forward to working with you.

Sincerely,

Jerilyn Jubenville

Recovery Department
Keller Financial Services, Inc.
1-800-551-3415
cc: File
    Legal Department

2005-CV-938-M

Def. I.D. 28

P.O. Box 14034 - Clearwater, Fl. 34629-4034
Phone: 813-536-1417 - 800-551-3415



**Recovery Division**

Date: **7-15-97**

**Keller**
**FINANCIAL**
**SERVICES, Inc.**

**Wendolyn Thompson**
**6016 East Haven**
**Dothan, AL 36301**

RE: Account # : **030-200058**     Collateral: **93 Pontiac Grand Am**

Dear **Wendolyn Thompson**

The balance remaining on the above referenced account has been charged - off as a bad debt and reported to all credit bureaus.

The balance due is as follows:

| | | |
|---|---|---|
| Pay-Off at Time of Charge-Off: | $ | **9,159.74** |
| Late Charges Due: | $ | **236.82** |
| Charge-Off Amount Due: | $ | **9,396.56** |

In order for you to protect your credit rating it is necessary that you forward this amount to us immediately.  If you are unable to pay the full amount we may be able to accept a monthly payment plan if you contact me within 10 days.

If you do not make arrangements to pay, the derogatory credit will remain on your credit history and Keller Financial Services, Inc. may choose to pursue this balance legally by filing a claim against you in court.

Please contact this office immediately so that we may resolve this matter quickly.  We look forward to working with you.

Sincerely,

*Jerilyn Jubenville*

Recovery Department
Keller Financial Services, Inc.
1-800-551-3415
cc: File
     Legal Department

2005-CV-938-M

Def. I.D. 29

P.O. Box 14034 - Clearwater, Fl. 34629-4034
Phone: 813-536-1417 - 800-551-3415

# INSTALLMENT LOAN DISCOUNT SHEET
**PLEASE PRINT IN BLACK INK ONLY**

DATE _____ 1/19/96

CONTRACT DATE _____ 1/18/96

NAME _____ WENDOLYN THOMPSON

ADDRESS _____ 606 HAVEN

_____ DOTHAN  AL  36301

HOME# ( 334 ) 793-9182

COUNTY _____ HOUSTON

SS# ___ 416 19 3859 ___ DOB ___ 4/24/60

EMPLOYER _____ DISABILITY

WORK# ( --- ) _____ _____

CO-BUYER _____ ALBERT THOMPSON

RELATIONSHIP _____ SPOUSE

ADDRESS _____ 606 HAVEN

_____ DOTHAN AL  36301

HOME# ( 334 ) 793-9182

SS# ___ 420825681 ___ DOB ___ 3/18/70

EMPLOYER _____ ASPON

WORK# ( 215 ) 784 4200  OR  664 2196

COLLATERAL _____ 93 PONTIAC GRANDAM

VIN _____ 1G2NE5433PM592106

MILEAGE _____ 65709

DEALER _____ MCDOWELL ACURA ___ # 662

CHECK # ___ 1190 ___ WTY CHECK# _____

BR # ___ 20 ___ LN OFFICER# ___ 54 or (55)

COMMENTS: _____

ACCOUNT # _____ G3691-A

APR ___ 25.00 ___ ADD ON _____

TERM ___ 48 MONTHS

PAYMENT AMOUNT _____ 331.57

1ST PYMT DUE _____ 2/20/96

DISCOUNT _____ 1160.00

MBI SALES TAX _____

( ___ % )

MBI _____

DLR CK AMT _____ 8,840.00

DOC STAMPS _____

AMT FINANCED _____ 10,000.00

FINANCE CHARGE _____ 5,915.36

TOTAL OF PYMTS _____ 15,915.36

0. *

331.57 X

48. =

15915.36

1160.00 +

8840.00 +

002 ........

10000.00 ◊

5915.36 +

003 .........

15915.36 *

WRITTEN BY _____ CHEC

ENTERED BY _____ CHECKED BY _____

REV 8/9/95

2005-CV-938-M

Def. I.D. 136

| APPLICATION |
|---|
| MVT 5-1C |
| R 10-94 |

TYPE TRANSACTION
01 - FIRST TITLE
02 - REPLACEMENT TITLE
03 - TITLE TRANSFER
04 - FILING OF LIEN
05 - RELEASE OF LIEN
06 - CORRECTION

**ALABAMA DEPARTMENT OF REVENUE**

THIS COPY SHALL BE MAILED OR DELIVERED TO THE
LIENHOLDER (IF ANY) AS EVIDENCE OF A RECORDED
LIEN UNTIL A CERTIFICATE OF TITLE IS ISSUED.

TITLE NUMBER

*(left margin, vertical)* STATE OF ALABAMA DEPARTMENT OF REVENUE APPLICATION FOR CERTIFICATE OF TITLE
MOTOR VEHICLE DIVISION - TITLE SECTION · P.O. BOX 327640 · MONTGOMERY, ALABAMA 36132-7640

FORM ALIGNMENT

## VEHICLE INFORMATION

| VEHICLE IDENTIFICATION NUMBER | TRANS CODE | YEAR MODEL | MAKE | MODEL | BODY TYPE | PREVIOUS ALABAMA TITLE NUMBER |
|---|---|---|---|---|---|---|
| 1G2NE5433PM592106 | | 93 | PONTIAC | GRAND AM SE | 4DR | |

| CYLS | NEW | USED | DEMO | DATE OF PURCHASE | NUMBER LIENS | COLOR | ODOMETER READING |
|---|---|---|---|---|---|---|---|
| 4 | | XX | | 01/18/96 | 1 | WHITE | 65709 |

## OWNER INFORMATION

NAME (LAST, FIRST, MIDDLE)        FELONY OFFENSE FOR FALSE ADDRESS:
THOMPSON WENDOLYN  or THOMPSON ALBERT

| MAILING ADDRESS | COUNTY |
|---|---|
| 606 HAVEN | HOUSTON |

| CITY | STATE | ZIP |
|---|---|---|
| DOTHAN | AL | 3630 |

NAME        ALABAMA OPERATOR (LESSEE) NAME AND/OR RESIDENT ADDRESS IF DIFFERENT FROM ABOVE

MAILING ADDRESS        FELONY OFFENSE FOR FALSE ADDRESS

| CITY | STATE | ZIP |
|---|---|---|

**APPLICANT SHALL DISCLOSE VEHICLE UNDER 10 YR. OLD ODOMETER READING ON THIS APPLICATION IS (CHECK ONE)**

[X] ACTUAL MILEAGE

[ ] EXCEEDS MECHANICAL LIMITS

[ ] NOT ACTUAL MILEAGE - WARNING ODOMETER DISCREPANCY

## FOR OFFICE USE ONLY

## LIEN INFORMATION

NAME FIRST LIENHOLDER        FELONY OFFENSE FOR FAILURE TO NAME LIENHOLDER WITH INTENT TO DEFRAUD
KELLER FINANCIAL SERVICES

| MAILING ADDRESS | LIEN DATE |
|---|---|
| P.O. BOX 15007 | Jan 18, 1996 |

| CITY | STATE | ZIP |
|---|---|---|
| CLEARWATER | FL | 346 |

NAME SECOND LIENHOLDER        FELONY OFFENSE FOR FAILURE TO NAME LIENHOLDER WITH INTENT TO DEFRAUD

| MAILING ADDRESS | LIEN DATE |
|---|---|

| CITY | STATE | ZIP |
|---|---|---|

## OTHER INFORMATION        OWNER'S AUTHORIZATION FOR SPECIAL MAILING

NAME (LAST, FIRST, MIDDLE)    I, WE, HEREBY AUTHORIZE MY CERTIFICATE OF TITLE TO BE MAILED TO (IF NO LIEN IS RECORDED HEREON):

MAILING ADDRESS

LOCATOR NO.

| CITY | STATE | ZIP |
|---|---|---|

REJECT TO:

| NAME | SELLER INFORMATION |
|---|---|
| McDowell Acura | |

REASONS:

MAILING ADDRESS
4083 Ross Clark Circle N.W.

EXAMINER NO:

| CITY | STATE | ZIP |
|---|---|---|
| Dothan | AL | 3630 |

ENCL:

NAME OF SURRENDERING
STATE:
TITLE #:

## APPLICATION NUMBER

# A4509633

## SIGN COMPLETED FORM ONLY, FELONY OFFENSE FOR FALSE STATEMENTS

I, THE UNDERSIGNED, CERTIFY THAT THE VEHICLE DESCRIBED ABOVE IS OWNED BY ME AND I HEREBY MAKE APPLICATION FOR A CERTIFICATE OF TITLE FOR SAID MOTOR VEHICLE AND THIS VEHICLE WILL NOT BE THE SUBJECT OF LIEN PRIOR TO RECEIPT OF TITLE UNLESS INDICATED ABOVE. I FURTHER CERTIFY THAT ALL INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

I HEREBY CERTIFY THAT THE DESCRIBED VEHICLE HAS BEEN INSPECTED BY ME AND DESCRIPTIVE DATA SHOWN ON THE APPLICATION AGREES AND I FURTHER IDENTIFIED THE PERSON SIGNING THE APPLICATION AND WITNESSED THEIR SIGNATURE.

DESIGNATED AGENT NO: McDowell Acura

OWNER'S *(signature)*

SIGNATURE(S) *(signature)*
(PERSONALLY SIGNED BY EACH OWNER (IN INK) OR AUTHORIZED REPRESENTATIVE OF FIRM)

BY:
DESIGNATED AGENT NO    38-120    01/18/96
DATE        YR

## HANDWRITTEN APPLICATIONS WILL NOT BE ACCEPTED        LIENHOLDER'S COPY



**Keller**
FINANCIAL
SERVICES, Inc.

## CHARGE OFF SHEET

CUSTOMER NAME *Thompson, Wendolyn*

ACCT# *030 - 200058*          PORTFOLIO *G*

YEAR *93*     MAKE *Pontiac*     MODEL *Gr. Am*

VIN *592106*                MILEAGE

DOR *10 , 18 , 96*      OR      DATE OF COLLISION ___ / ___ / ___

REASON FOR REPO/CHARGE OFF:

_____

_____

_____

_____

_____

_____

_____

_____

SOLD TO *Dothan Auto Auc.*    AUCTION (Y)/N    INSURANCE Y/N

DATE SOLD ___ / ___ / ___      ACTUAL SALE AMOUNT $ *3000.00*

CHARGE OFF AMOUNT $ *9159.74*

CHARGED OFF BY *D. Evans*                DATE *10 , 18 , 97*

2005-CV-938-M

Def. I.D. 147

# SUMMARY OF LOAN ACTIVITY

ORIGINAL BALANCE                          $ _15915.36_

PAYMENTS MADE BY BORROWER                 $ _2.197.29_

BALANCE (GROSS)                           $ _13718.07_


DISBURSEMENTS CHARGED TO LOAN:

REPOSSESSION _582.75_ | _125.00_ | _45.00_   $ _752.75_

TITLE FEE _____             $ _51.00_

REPAIRS: _____

_____                       $ _____

ATTORNEY FEES _____         $ _____

VSI _1989.00_                             $ _1989.00_

OTHER: _LTC_                              $ _31.58_

_____                       $ _____


• '  CREDITS & REFUNDS TO LOAN:

INTEREST _____              $ _4124.66_

VSI _378.00_                             $ _378.00_

WARRANTY _____              $ _____

CLAIM _____                 $ _____

SALE _____                  $ _2880.00_

OTHER _____                 $ _____


BALANCE FOR CHARGE OFF                    $ _9159.74_

APPROVED BY _Mary Snyder BC_   DATE _5 /29/97_

APPROVED BY _____   DATE _/  /_

2005-CV-938-M

Def. I.D. 149

```
0001                              Keller Financial Services, Inc        Run Date: 06/18/1997
Br Dt: 06/18/1997                    01 - STP ST. PETERSBURG             Time:  3:24 P.M.
Seq  : Class/Account                  Print Account Ledger              Page:   1
```

-----------------------------------------------------------------------------------------------

## C U S T O M E R   I N F O R M A T I O N

```
Account : 308 201233    Alabama Division :
Dealer  : 0662 MCDOWELL ACURA                 Birth Dt:  / /       Employer: DIS
Customer: 30200058  THOMPSON, WENDOLYN         Language:           Address :
Address : 606 EAST HAVEN                       Occup.  :
C, S, Z : DOTHAN, AL 36301                     Started :  / /
Home Tel: 334-793-2741                                             Work Tel:
Soc Sec : 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
```

## A C C O U N T   I N F O R M A T I O N

```
Branch  : 01                    Cur Bal  :    9159.74      Past Due :    3359.65
Open Date: 01/18/1996           Pmt Amt  :     331.57      # LTC  :   14   # Ext  :  0
Date Ent.: 01/22/1996           Orig Trm :   48 Cur Trm:  48  Last Ext :  /   Prev Ext: /
Orig. Bal:   15915.36           Freqnc'y : Monthly         # Past 30: 3   60: 1    90: 0
Joint    :                      Last Paid: 12/20/1996      Proc Stat: Charged Off
Pmts Made:                      Next Due : 08/20/1996      Adm Stat: Active Charge Off
Over/Shrt:          .00         1st Due : 02/20/1996       Rate   :   25.00
                                Portfolio: Florida A       APR    :   25.00
Remarks:
   RS Repo Sold          UP UNIT PICKED-UP        TO TITLE OUT
```

## A C C O U N T   D E T A I L

| Effective Date | Trx No. | Transaction | Comment | Check Number | Amount | Balance | Next Due | Date Entered | By |
|---|---|---|---|---|---|---|---|---|---|
| 01/18/1996 | 1 | OPEN Opening Balance | | | 15915.36 | 15915.36 | / / | / / | |
| 03/19/1996 | 2 | PYC  Customer Payment | 3/13 DOT | 130 | -331.57 | 15583.79 | / / | 03/19/96 | |
| 03/21/1996 | 12 | AUTO Auto Comp & Col. | Coll Protection FL | | 1989.00 | 17572.79 | 07/20/96 | 08/22/96 | 0087 |
| 04/07/1996 | 4 | SNDD Set Next Due Date | Set for Conversion | | | 17572.79 | 03/20/96 | 04/07/96 | CONV |
| | | OS   Set Over/Short | Set for Conversion | OS | 0.00 | 17572.79 | | | |
| 04/12/1996 | 3 | PYC  Customer Payment | 0410 DOT | 524 | -348.15 | 17224.64 | 04/20/96 | 04/12/96 | 0137 |
| 06/13/1996 | 5 | PYC  Customer Payment | | 401 | -364.00 | 16860.64 | 05/20/96 | 06/13/96 | 0140 Rev |
| 06/27/1996 | 6 | PYC  Customer Payment | NSF 06/96 #    5 | 401 | 364.00 | 17224.64 | 04/20/96 | 06/27/96 | 0165 |
| | | NSF  NSF Fee | NSF Charge | NSF | 15.00 | 17224.64 | | | |
| 06/28/1996 | 7 | PYC  Customer Payment | DOT | 1861 | -500.00 | 16724.64 | 05/20/96 | 06/29/96 | 0140 |
| | | LTC  Late Charge | LTC,Pst due:04/20/96 | | 15.00 | 16739.64 | | | |
| | | LTC  Late Charge | LTC,Pst due:05/20/96 | | 16.58 | 16756.22 | | | |
| 07/02/1996 | 9 | PYC  Customer Payment | DOT | 9608 | -364.00 | 16392.22 | 07/20/96 | 07/08/96 | 0175 |
| 07/03/1996 | 8 | PYC  Customer Payment | DOT | 329 | -320.00 | 16072.22 | 06/20/96 | 07/03/96 | 0140 Rev |
| 07/18/1996 | 10 | PYC  Customer Payment | NSF 07/96 #    8 | 329 | 320.00 | 16392.22 | 06/20/96 | 07/18/96 | 0138 |
| | | NSF  NSF Fee | NSF Charge | NSF | 15.00 | 16392.22 | | | |
| 08/08/1996 | 11 | PYC  Customer Payment | DOT | 2952 | -320.00 | 16072.22 | 07/20/96 | 08/12/96 | 0140 |
| 08/27/1996 | 13 | PYC  Customer Payment | OK PER LARRY @ DOTHN | 626 | -333.57 | 15738.65 | 08/20/96 | 08/27/96 | 0195 |
| 10/17/1996 | 14 | COLL Collection Fee | REPO LOG 10/17/96 | | 582.75 | 16321.40 | 08/20/96 | 10/17/96 | 0093 |
| 10/19/1996 | 19 | AUTO Auto Comp & Col. | Cancel Policy | | -378.00 | 15943.40 | 08/20/96 | 11/20/96 | 0098 |
| 10/29/1996 | 15 | FCR  Finance Chg Rebate | REPO CONTROL | | -4124.66 | 11818.74 | 08/20/96 | 10/29/96 | 0204 |
| 10/29/1996 | 16 | COLL Collection Fee | REPO LOG#99 10/29/96 | | 125.00 | 11943.74 | 08/20/96 | 10/29/96 | 0093 |
| 10/30/1996 | 17 | COLL Collection Fee | REPO LOG#99 10/30/96 | | 51.00 | 11994.74 | 08/20/96 | 10/30/96 | 0093 |
| 11/13/1996 | 18 | COLL Collection Fee | REPO BILL 11/13 #99 | | 45.00 | 12039.74 | 08/20/96 | 11/13/96 | 0175 |
| 12/20/1996 | 20 | PYSS Sale of Security Pay | REPO DOT AUCTION | 160053 | -2880.00 | 9159.74 | 08/20/96 | 12/20/96 | 0195 |
| 06/18/1997 | 21 | CO   Charge Off | Chg Off $9159.74 | | 9159.74 | | | | |

CK#        160053        CHECK DATE    12/12/96        TOTAL SALES                    $3,000.00
                         SALE DATE     12/05/96        LESS SALE FEES                      75.00
                         SALE TIME     12:01           LESS ADMIN FEES                       .00
                                                       LESS INSURANCE                        .00
                                                       LESS DEDUCTIONS                     45.00

VIN# 1G2NE5433PM592106   SALE# F- 117
93 PONTIAC GRAND AM SE   WHITE
UNIT#200058

                                                       NET CHECK AMOUNT               $2,880.00

DOTHAN AUTO AUCTION   DOTHAN, AL 36301

*Thompson*
200058
pale

2005-CV-938-M

Def. I.D. 151

# CERTIFICATE OF TITLE

SATISFACTORY PROOF OF OWNERSHIP HAVING BEEN SUBMITTED UNDER SECTION 319.23, FLORIDA STATUTES, TITLE TO THE MOTOR VEHICLE DESCRIBED BELOW IS VESTED IN THE OWNER(S) NAMED HEREIN, THIS OFFICIAL CERTIFICATE OF TITLE IS ISSUED FOR SAID MOTOR VEHICLE

| IDENTIFICATION NUMBER | | YR. | MAKE | MODEL | BODY | WT-L-BHP | TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| 1G2NE5433PM592106 | | 93 | PONT | | 4D | | 71036127 |

| ODOMETER - DATE READ | PREV REG | COLOR | TYPE | | USE |
|---|---|---|---|---|---|
| .65709   3/27/96 | AL | WHI | | | PRIVATE |

| REMARKS | | DMV | PREV. ISSUE DATE |
|---|---|---|---|
| ODOMETER - ACTUAL MILEAGE | | F | |

**REGISTERED OWNER (LAST NAME FIRST)**                DATE OF ISSUE

KELLER FINANCIAL SERVICES
18167 US HWY 19 STE 450                  11/22/96
CLEARWATER FL        34624

**1ST LIENHOLDER        DATE**

NONE

**2ND LIENHOLDER        DATE**

NONE

DIVISION OF MOTOR VEHICLES        TALLAHASSEE        FLORIDA

*Charles J. Brantley*        11
CHARLES J BRANTLEY        3236105 NT2
DIRECTOR        A26370429   CONTROL NUMBER A 263 704 29

ADDITIONAL LIENS
DEPARTMENT OF HIGHWAY SAFETY
AND MOTOR VEHICLES

00178        *Fred O. Dickinson*
FRED O. DICKINSON, III
EXECUTIVE DIRECTOR

INTEREST IN THE ABOVE DESCRIBED VEHICLE
IS HEREBY RELEASED

BY _____

LIEN  / 1ST
      LIEN  ☐

RELEASE  2ND
         LIEN  ☐

TITLE _____  DATE _____

## TRANSFER OF TITLE BY SELLER

ODOMETER CERTIFICATION — Federal and state laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

This title is warranted and certified to be free from any liens except as noted on the face of this certificate and the motor vehicle described is hereby transferred.

Purchaser: *Randy's Auto Sales*        Address: *107 Church St Andalusia AL*

I/We state that the odometer now reads [ 9 7 0 7 1 ] ☐ (no Tenths)        Selling Price: $ _____   Date Sold: _____

reflects the actual mileage of the vehicle described herein, unless one of the odometer statement blocks is checked:

CAUTION:
DO NOT CHECK
BOX IF ACTUAL
MILEAGE

☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ 2. I hereby certify that the odometer reading is not the actual mileage.
WARNING - ODOMETER DISCREPANCY.

Signature of
Purchaser: _____

Printed Name of
Purchaser: _____

Co-Purchaser: _____

Seller: *Brenda Cormier*

Co-Purchaser: _____

Co-Seller:
(When Applicable)

Seller: *Brenda L Cormier*

Selling Dealer's License Number: _____        Tax No: _____        Tax Collected $ _____

License Number: _____

HSMV 82250 (REV. 6/95) S

## STATE OF FLORIDA

2005-CV-938-M

Def. I.D. 155

*attn: Bonnie*

## COLLATERAL REPOSSESSION FORM

LENDER NO:   9496          LENDER NAME:   KELLER FINANCIAL SERVICES

LOAN NO: 030-200058 G3691A

BORROWER NAME: WENDOLYN THOMPSON

COLLATERAL – YEAR 93   MAKE PONTIAC   VIN#: 592106

DATE REPOSSESSED: 10-18-96

OUTSIDE INSURANCE COVERAGE:     N/A

DATE: 11-10-96   AUTHORIZED SIGNATURE Beata Hagen
                                      BEATA HAGEN

REFUND ___XX___ YES _____ NO

2005-CV-938-M

Def. I.D. 156

# DAILY REPOSSESSION REPORT

## DOTHAN, AL  BRANCH #20

NAME: _Thompson Wenddyn_        NAME: _____ _____

ACCOUNT NO.: _030-200058_        ACCOUNT NO.: _____ . _____

DATE OR REPO: _10-18-96_        DATE OF REPO: _____ . _____

UNIT: _93 Pontiac Grand AM_      UNIT: _____

LOCATION: _Recovery Lot_         LOCATION: _____ _____

VOL/INVOL: _Involuntary_         VOL/INVOL: _____ _____

**TODAY'S DATE** _10-21-96_

2005-CV-938-M

Def. I.D. 168

**Keller**
FINANCIAL
SERVICES, Inc.

DATE _10-18-96_
_G 3691-A_
_030 - 200058_
ACCOUNT NUMBER

COLLATERAL _93 Pontiac Grand_
ID NUMBER _592186_

TO: _Wendalyn and Albert Thompson_
_606 east Haven_
_Dothan AL 36301_

WE HAVE TAKEN POSSESSION OF THE ABOVE DESCRIBED COLLATERAL DUE TO DEFAULT UNDER
THE TERMS OF YOUR INSTALLMENT SALES CONTRACT DATED
_1-18-96_ .

THE AMOUNT YOU MUST PAY TO REDEEM THE COLLATERAL IS $ _12,284.34_
WHICH INCLUDES INTEREST THROUGH _10-18-96_ . IN ADDITION, YOU WILL BE
RESPONSIBLE FOR ANY AND ALL EXPENSES WHICH ACCRUE AS A RESULT OF THIS ACTION.
IF YOU FAIL TO REDEEM THE COLLATERAL WITHIN TEN (10) DAYS FROM THE ABOVE DATE,
THE COLLATERAL WILL BE SOLD AT A PRIVATE SALE AFTER
_10-28-96_ BY KELLER FINANCIAL SERVICES, INC.

IF THERE IS A SALE OF THE COLLATERAL, THE PROCEEDS THEREOF SHALL BE APPLIED
FIRST TO THE PAYMENT OF THE REASONABLE EXPENSES AND ATTORNEY'S FEES, IN
CONNECTION WITH THE RETAKING, STORING AND SALE OF THE COLLATERAL, AND THEN TO
THE SATISFACTION OF BALANCE DUE UNDER THE TERMS OF YOUR CONTRACT. ANY SURPLUS
AFTER SUCH APPLICATION OF THE PROCEEDS OF SAID SALE SHALL BE PAID TO YOU AND
YOU SHALL REMAIN LIABLE FOR ANY BALANCE REMAINING UNPAID AFTER SUCH APPLICATIONS
OF SAID PROCEEDS.


GUIDE YOURSELF ACCORDINGLY,

ASSET CONTROL DEPARTMENT

_Lisa Rochette_

2005-CV-938-M

Def. I.D. 169

Suite 450  •  18167 U.S. Hwy 19 North  •  Clearwater, FL 34624-6572
(813) 524-1400  •  Fax (813) 524-1008





2005-CV-938-M

Def. I.D. 161



2005-CV-938-M

Def. I.D. 162

ALABAMA DEPARTMENT OF REVENUE
MOTOR VEHICLE DIVISION
TITLE SECTION
P. O. Box 327640 • Montgomery, AL 36132-7640

MVT: 15-1
Rev. 6/93

# Repossessed Motor Vehicle Affidavit and Disposition of Vehicle Under Lien

NAME (FORMER OWNER) Thompson, Weldolyn or Albert
ADDRESS 6066 Haven
CITY Dothan   STATE AL   ZIP 36301
TITLE NUMBER 192   MAKE Pontiac   YEAR 93   BODY STYLE 4D
V.I.N. 1G2NE5433PM592106   DATE OF REPOSSESSION 10-18-96
LIENHOLDER Keller Financial Services
ADDRESS P.O. BOX 15007
CITY Clearwater   STATE FL   ZIP 34629

This is to certify that the undersigned has repossessed the motor vehicle described above because of the failure of the former owner to meet his obligation for settlement of a Lien of Security Interest on said vehicle and that the Interest of the Owner was lawfully terminated. The said vehicle was sold or re-assigned, pursuant to the terms of the Security Agreement.

SUBSCRIBED AND SWORN TO BEFORE ME THIS

_____ day of _____, 19__   Lienholder: Keller Financial Services

_____   Signed by: Kimberly A. Cousins
NOTARY PUBLIC                AUTHORIZED REPRESENTATIVE

My commission expires: _____, 19__

NOTE: This affidavit must be submitted as a supporting document when applying for a Certificate of Title For a Repossessed Vehicle.

2005-CV-938-M

Def. I.D. 224



★ **RECOVERY** ★
LICENSED & BONDED

**INVOICE**

Repo's & Collections Of Any Kind
Dependable, Reasonable & Prompt

ROBERT WHITTEN
*Private Investigator*

24 Hour Voice Beeper
(334) 713-1468

DATE: 10-13-96   #1250

SOLD TO: Keller Finance

SHIP TO:
RECOVERY
DOTHAN, AL 36301
(205) 713-1468 - 24 HR. BEEPER
1350 Fountain St.

| CUST. ORDER NO. | DATE SHIPPED | SHIPPED VIA | TERMS | SALESMAN | F.O.B. | OUR ORDER NO. |
|---|---|---|---|---|---|---|

| QTY ORDERED | B/O | QTY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | | | Wendolyn Thompson | | |
| | | | 93 Pont Grand AM | | 125 00 |
| | | | Repoed | | |
| | | | 030-200058 | | |
| C-36914 | | | # 592106 | | |

RECEIVED
OCT 24 1996
By

Def. I.D. 237

2005-CV-938-M

PAID
OCT 28 1996
BY: #1611

Sr. to N.O. 10/22/96

Robert Whitten

*Thank You*

COPIES 2 GO INSTANT INVOICE
TO ORDER CALL 712-0041

359153

ALIAS    ALIAS    ALIAS    ALIAS    ALIAS    ALIAS

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**- CIVIL -** *Alias* | Case Number<br><br>CV-2004-688 *L* |
|---|---|---|

IN THE _____ CIRCUIT _____ COURT OF _____ HOUSTON _____ COUNTY

Plaintiff    D.A.N. JOINT VENTURE III, LP    **v. Defendant**    WENDOLYN THOMPSON AND
ALBERT THOMPSON

NOTICE TO ___ALBERT___ Wendolyn Thompson, 8010 South County Road 55, Cottonwood, Alabama 36320.

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION
TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A
COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR
PLAINTIFF'S ATTORNEY ___Brian M. Cloud___ WHOSE

ADDRESS IS ___2112 11th Avenue South, Suite 217, Birmingham, Alabama  35205___

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT
WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER
THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☒ You are hereby commanded to serve this summons and a copy of the complaint in this action
upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of
_____ Pursuant to the Alabama Rules of Civil Procedure.

Date ___May 27, 2005___        ___Judge Byrd, Clerk___    By: ___CB___
Clerk/Register

☐ Certified Mail is hereby requested.

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____
(Date)
Alabama on _____ County,
(Date)

Date _____

Address of Server _____

Server's Signature _____

Type of Process Server _____

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D.  00007

Court Record – Original    Addressee - Copy

WRIT RETURNED "NOT FOUND" IN
HOUSTON COUNTY THIS 6-11-05
FOR THE FOLLOWING REASONS(S):

MOVED
NO SUCH ADDRESS
INSUFFICIENT ADDRESS
NOT EMPLOYED
OTHER

LAMAR GLOVER, SHERIFF

BY: _____ D.S.

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D.  00008

ALIAS     ALIAS     ALIAS     ALIAS     ALIAS     ALIAS

**FILED**

IN THE CIRCUIT COURT OF HOUSTON COUNTY

STATE OF ALABAMA

OCT 08 2004

D.A.N. JOINT VENTURE III, L. P.,    )

    Plaintiff,    )

v.    )

WENDOLYN THOMPSON AND    )
ALBERT THOMPSON,    )

    Defendants.    )

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

CIVIL ACTION FILE

NUMBER CV-04-688

## COMPLAINT FOR RECOVERY ON THE ACCOUNT

COMES NOW D.A.N. Joint Venture III, L.P. ("D.A.N. Joint Venture"), the Plaintiff in the above-styled civil action, and for its Complaint respectfully shows this honorable Court the following:

## JURISDICTION, VENUE AND SERVICE

1.   Wendolyn Thompson and Albert Thompson ("Defendants Thompson"), the Defendants in the above-referenced matter, are residents of Houston County, Alabama, and may be personally served with process at 606 Haven Drive, Dothan, Alabama 36301.

2.   Jurisdiction is appropriate in this Court, venue is proper, and the Defendants are subject to the jurisdiction of this Court.

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D. 0009

## FACTS

3.   On or about February 18, 1996, Defendants Thompson executed and delivered to McDowell Acura a Retail Installment Contract – Auto (the "Agreement") in the original principal amount of $10,000.00 for the purchase of the property commonly known as a 1993 Pontiac Grand Am (the "Property"), such Property being more particularly described therein. Pursuant to the terms of said Agreement, Defendants Thompson promised to repay said principal amount, accruing interest at a yearly rate of 25.00%.

4.   A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

5.   Subsequent to the Defendants' execution of the Agreement, the Agreement was transferred, conveyed and assigned to D.A.N. Joint Venture and D.A.N. Joint Venture is the current owner and holder of the Agreement.

6.   The Defendants failed to make payments due on the Agreement as required by its terms; consequently, the Defendants have defaulted and remain in default on the payments due on the Agreement.

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D. 00010

7. By virtue of said default, the Plaintiff elected to and did declare the full amount of the indebtedness, including principal and interest, to be due and payable.

8. The Agreement contains a provision authorizing the holder thereof, in case of default, to sell the Property at a public auction for the purpose of paying the indebtedness. In addition, the holder reserves the right to sue the Defendant for additional amounts if the proceeds of the sale do not satisfy the indebtedness.

9. The Property was sold and the proceeds of the said sale in the amount of $2,880 was applied to the account of the Defendants.

10. The sale of the Property did not bring the amount of the debt due under the Agreement.

## COUNT

11. All statements and allegations contained in Paragraphs 1 through 10 of this Complaint are hereby incorporated into this Count by reference.

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D. 00011

12. The Agreement is still in default for, among other possible events of default, failure to pay the sums due under the terms of the Agreement.

13. The Defendant is indebted to D.A.N. Joint Venture in the amount of $16,233.11, which includes principal, interest and all other charges due and owing through August 17, 2004, plus all other charges due and owing, including but not limited to additional interest at a rate of 10.00% per annum (per diem of $2.54) and reasonable attorney's fees in the amount of $4,000.00.

14. In accordance with the terms and provisions of the Fair Debt Collection Practices Act, the Defendants are hereby notified that the indebtedness due to the Plaintiff will be assumed to be valid by this firm unless he disputes, in writing, the validity of the indebtedness, or any portion thereof, within 30 days after his receipt of this Complaint.

15. If the Defendants notify the undersigned in writing within 30 days of their receipt of this Complaint that the indebtedness, or any portion thereof, is disputed, then a verification of the indebtedness will be obtained and a

copy of such verification will be mailed to the Defendants by the undersigned.

16.  If the creditor named in this Complaint is not the original creditor, and if you make a written request to the undersigned within 30 days from your receipt of this Complaint, then the name and address of the original creditor will be mailed to you by the undersigned.

WHEREFORE, D.A.N. Joint Venture prays for the following:

(a)  That the Court enter judgment against the Defendants and in favor of D.A.N. Joint Venture in the amount of $16,233.11 due on the Agreement through August 17, 2004, plus all other charges due and owing, including but not limited to additional interest at a rate of 10.00% per annum (per diem of $2.54) and reasonable attorney's fees in the amount of $4,000.00; and

(b)  That the Court grant such other and further relief as it deems just and proper.

By: _____
     Brian M. Cloud
     Alabama Bar No: CLO010
     Attorney for Plaintiff

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D. 00013

Plaintiff's Address:
Law Offices of William C. Veal
2112 11th Avenue South
Suite 217
Birmingham, AL 35205

Defendants' address:
606 Haven Drive
Dothan, Alabama 36301

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D.  00014

**RETAIL INSTALLMENT CONTRACT - AUTOMOBILE**

WENDOLYN THOMPSON
ACKER-THOMPSON

Dell Acura
2083 Ross Clark Circle N.W.
Dothan AL 36303

| USED # | 93 | PONTIAC | 4DR | | 1G2HE3437PS92106 | 25703 |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 25.00 % | $ 5915.36 | $ 10000.00 | $ 15915.36 | $ 16815.36 |

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | $ 331.57 | Feb 18 .19 96 |

| Credit Life | $ N.A. | |
| Credit Disability | $ N.A. | |

Fidelity Warranty Services   Carefree Car Protection    -1000.00-

TELLER FINANCIAL SERVICES
BOX 15007, CLEARWATER FL 34629

Wendolyn Thompson
Abel Thompson

EXHIBIT A

Thompson v D.A.N.
2005 CV 938-M
Plaint I.D. 00015

**"WITHOUT RECOURSE"**   The assignment of this contract shall be without recourse against Seller, except as to the representations and warranties of Seller set forth above.

**"FULL RECOURSE"**   In addition to the other terms of this Assignment, Seller unconditionally guarantees payment of all sums due and to become due under this contract, and in case of default for any reason Seller will pay Assignee, its successors and assigns, the balance owing under this contract, together with costs, expenses and reasonable attorney's fees incurred by Assignee in attempting to enforce the terms hereof.

**"REPURCHASE"**   In addition to the other terms of this Assignment, Seller agrees to pay Assignee, its successors and assigns, the balance owing under this contract, together with costs, expenses and reasonable attorney's fees incurred by Assignee in attempting to enforce the terms hereof, in the event Seller repurchases the property and delivers it to Seller at Seller's place of business.

**"LIMITED GUARANTY"**   In addition to the other terms of this Assignment, Seller agrees to protect Assignee, its successors and assigns, against any loss to Assignee arising from any default by Buyer and in case Assignee furnishes to Buyer... Seller agrees to pay, forthwith and without demand, said sum to Assignee upon receipt of any notice of such loss plus costs, expenses and reasonable attorney's fees incurred by Assignee in attempting to enforce the terms hereof.

## ADDITIONAL TERMS AND CONDITIONS

## NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

Thompson v D.A.N.
2005 CV 938-M
Plaint. I.D. 00016

# D.A.N. JOINT VENTURE III, L.P.
**100 North Center Street**
**Newton Falls, OH  44444**
**(330) 872-0918**
**(888) 462-2353 (888-GOCADLE)**
**FAX (330) 872-5367**

August 20, 2004

Mr. Albert Thompson
606 Haven Drive
Dothan, AL  36301

      RE:     Installment Sales Contract
              Originally Dated: January 18, 1996
              Original Principal Amount:  $15,915.36
              Maker: Wendolyn Thompson and Albert Thompson
              Original Payee: Keller Financial Services
              Our File No. PDH02101

Dear Mr. Thompson:

     As you know, D.A.N. JOINT VENTURE III, L.P. is the current owner of the above-referenced debt.  You are hereby advised that your debt is in DEFAULT, and that D.A.N. JOINT VENTURE III, L.P. hereby DEMANDS that you immediately pay all outstanding amounts of the debt in full.

     D.A.N. JOINT VENTURE III, L.P. hereby makes DEMAND upon you for payment in full of all unpaid amounts through August 17, 2004, of $16,233.11, which includes the principal balance of $9,159.74, accrued interest due through August 17, 2004, of $6,559.39 and late charges of $513.98, due immediately.  Interest accrues thereafter at $2.54 per day.

     If the total amount due is not paid in full as indicated above, D.A.N. JOINT VENTURE III, L.P. may pursue its legal remedies, which may include the filing of a lawsuit against you for the total amount due, plus court costs and attorney fees, if allowed by law in your state.

     IN ACCORDANCE WITH 15 U.S.C. 1692E(11), PLEASE BE ADVISED THAT THE PURPOSE OF THIS LETTER IS TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.

     If you have any questions, please do not hesitate to contact me.  I can be reached toll-free at Extension 3304 between the hours of 8:30 a.m. and 5:00 p.m. Monday through Friday.

              Yours very truly,

              Michele Dye
              Account Officer

MD:KJB
By Regular Mail – c/m and Certified Mail - Return Receipt No. 2683 8079

O:\kbryner\Demand Ltrs 082004.doc

2005-CV-938-M

Def. I.D. 182

**U.S. Postal Service**™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

7004 1350 0001 1002 2683

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Postmark Here
NEWTON FALLS OH 44444
AUG 23 2004

Sent To
Mr. Albert Thompson
Street, Apt. N or PO Box No
606 Haven Drive
City, State, Zi
Dothan, AL 36301

PS Form 380
PDH02101    Michele Dye

---

U.S. POSTAL SERVICE    **CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT PROVIDE FOR INSURANCE — POSTMASTER

Received From:

D. A. N. Joint Venture III, L. P.
100 North Center Street
Newton Falls, OH  44444

Affix fee here in stamps or meter postage and post mark. Inquire of Postmaster for current fees.

One piece of ordinary mail addressed to:

Mr. Albert Thompson
606 Haven Drive
Dothan, AL  36301

PDH02101    Michele Dye

NEWTON FALLS OH 44444
AUG 23 2004
USPS

PS Form 3817, Mar. 1989

2005-CV-938-M

Def. I.D. 183

DEALER NAME: _____

| | MONTHLY PAYMENT |
|---|---|
| | DATE DESIRED |
| | BY CUSTOMER: |

# STANDARD CREDIT APPLICATION

Before completing this form please read the directions carefully. (Check appropriate box)

- ☐ If you are applying for individual credit and relying on your own assets and income, please complete Section A, only. However, if you are relying on income from alimony, child support, or the income or assets of another person as the basis for repayment, complete Sections A and B.
- ☐ If you are married and live in a community property state, please complete Sections A and B.
- ☐ If this is a joint credit application, please complete Sections A and B.

Application Number _____
Date _____
Dealer Name _____
Dealer's _____
Salesperson _____
Phone No. _____
Stock # _____

**SECTION A — YOUR PERSONAL CREDIT HISTORY — 5 YEAR MINIMUM**

PRINT FULL NAME: Wendolyn V Thompson   JR   SOCIAL SECURITY NO. 416 91 3859   DATE OF BIRTH 9 24 63   HOME PHONE (334) 793-91__

PRESENT ADDRESS: 601 Hodges Dr   CITY Dothan   AL   ZIP 36301   LIVED THERE YEARS __

RENT BY ME ☐ LEASE ☐ OWN ☑   LANDLORD OR MORTGAGE HOLDER NAME: Bruce Bankins   MO. PAYMENT OR RENT $ 470.00   ☐ Unmarried ☑ Married ☐ Separated   No. of Dependents __

PREVIOUS HOME ADDRESS IF LESS THAN 5 YEARS: Rt 1 Box 457   CITY Webb   COUNTY   STATE AL   ZIP 36376   LIVED THERE MONT__

EMPLOYED BY SELF ☐ OTHERS ☐   NAME: Disability   BUSINESS ADDRESS, NUMBER AND STREET   CITY   STATE   HOW LONG YEARS   MONTHS   BUS. PHONE NO. ( )

TRADE OR OCCUPATION   GROSS SALARY OR WAGES $ 766.00   NAME OF PREVIOUS EMPLOYER: Shallow Farms   ADDRESS Dothan AL   NO. YEARS 3 yea__

Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligat__

TYPE OF OTHER INCOME: Child Support   SOURCE   GROSS AMOUNT $ 300.00   ☐ WEEK ☐ YEAR

NAME AND ADDRESS OF PARENTS OR NEAREST RELATIVE NOT LIVING WITH ME: Celestine Lucas Dothan   ADDRESS   PHONE NO. 793-5382   RELATIONSHIP mother

NAME AND ADDRESS PERSONAL FRIEND: Sharon Reeves   Dothan AL   PHONE NO. 792-9459   KNOWN HOW LONG 25

BANK ACCOUNT: Southtrust Bank   BRANCH NAME AND CITY: Dothan al   CHECKING ☐ SAVINGS ☐ NO ACCOUNT ☐   CHECKING ACCOUNT NO. _____

YOUR OPERATOR'S LICENSE NO. 9266536 AL   STATE

LAST CAR FINANCED   NAME OF CREDITOR   BALANCE DUE OR DATE PAID   TRADING IN THIS CAR? ☐ YES ☐ NO

INSURANCE COMPANY: Alfa Insurance   Dothan al   POLICY NO./EXP DATE   COVERAGE: ☐ DED.COLL. ☐ LIABILITY ☐ COMP. ☐ FIRE

CREDIT REFERENCES OR INSTALLMENT OBLIGATIONS — INCLUDE FINANCE COMPANIES, BANKS, CREDIT CARDS, CHARGE ACCOUNTS.. — INCLUDE NAME(S) OF APPLICANT IN WHICH CREDIT CAN BE VERIFIED, IF OTHER THAN SHOWN ABOVE.

NAME OF CREDITOR   ADDRESS   ACCOUNT NO.   BALANCE $

THE CAR WILL BE REGISTERED IN NAME OF: Wendolyn Thompson   NUMBER AND STREET   CITY Dothan   STATE al   OPERATOR'S LICENSE NO.

HAS ANY OF YOUR PROPERTY EVER BEEN REPOSSESSED? ☐ YES (WHEN) ☐ NO   ARE THERE UNSATISFIED JUDGEMENTS (SUITS PENDING) AGAINST YOU? ☐ YES ☐ NO

HAVE YOU BEEN PERSONALLY INVOLVED IN A BANKRUPTCY PROCEEDING (IN THE LAST 10 YEARS)? ☐ YES ☐ NO   ARE YOU AN ENDORSER OR GUARANTOR ON ANY OTHER LOAN OR OBLIGATION? ☐ YES ☐ NO   MILITARY STATUS ☐ ACTIVE DUTY ☐ RESERVE ☐ INACTIVE

**SECTION B — THE OTHER PARTY'S CREDIT HISTORY — 5 YEAR MINIMUM**

PRINT FULL NAME: Albert Thompson   SR   SOCIAL SECURITY NO. 421 08 25681   DATE OF BIRTH 3 18 70   HOME PHONE 793-9__

PRESENT ADDRESS: Same or Above   CITY   COUNTY   STATE   ZIP   LIVED THERE YEARS   MONTH

RENT BY MO. ☐ LEASE ☐ OWN ☐   LANDLORD OR MORTGAGE HOLDER NAME: Same or above   MO. PAYMENT OR RENT $

PREVIOUS HOME ADDRESS IF LESS THAN 5 YEARS   CITY   COUNTY   STATE   ZIP   LIVED THERE YEARS   MONTH

EMPLOYED BY SELF ☐ OTHERS ☐   NAME: Aspon - Home Care   BUSINESS ADDRESS, NUMBER AND STREET Birham   CITY   STATE   HOW LONG YEARS   MONTHS   BUS. PHONE NO.

TRADE OR OCCUPATION: Janitor   GROSS SALARY OR WAGES $ 1400.00   NAME OF PREVIOUS EMPLOYER: Nan Mower   ADDRESS   NO. YEARS

Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligatio__

TYPE OF OTHER INCOME   SOURCE   GROSS MONTHLY AMOUNT $

BANK ACCOUNT   NAME OF BANK   BRANCH NAME AND CITY   CHECKING ☐ SAVINGS ☐ NO ACCOUNT ☐   CHECKING ACCOUNT NO.

YOUR OPERATOR'S LICENSE NO.   STATE

CREDIT REFERENCES OR INSTALLMENT OBLIGATIONS — INCLUDE FINANCE COMPANIES, BANKS, CREDIT CARDS, CHARGE ACCOUNTS.. — INCLUDE NAME(S) OF APPLICANT IN WHICH CREDIT CAN BE VERIFIED, IF OTHER THAN SHOWN ABOVE.

NAME OF CREDITOR   ADDRESS   ACCOUNT NO.

**TO BE COMPLETED BY SELLER — FOR CREDITOR'S USE ONLY —**

| | |
|---|---|
| (1) Cash Price (incl. tax, title, reg fees).................$ _____ (1) | (7) Time Balance (5 & 6)..........................$ _____ (7) |
| (2) Down Payment: Cash $ _____ | (8) Payable In _____ Mo. Instalments of ............$ _____ (8) |
|     Rebate $ _____ | Annual Percentage Rate.........% Used Car Miles _____ |
|     Net Trade $ _____ (2) | New Car Invoice Cost $ _____ |
|     (Trade Allow. $ _____ Owed on Trade $ _____ ) | ☐ New ☐ Used ☐ Demo   Year _____ Make _____ Model _____ Body Style _____ |
| (3) Unpaid Balance of Case Price (1 - 2)............$ _____ (3) | Vehicle Identification Number _____ |
| (4) Other Charges | Optional Equipment ☐ Air ☐ P/S ☐ P/B |
|     (Specify) $ _____ | ☐ Auto Tr. Other, _____ |
|     $ _____ (4) | Trade _____ Make _____ Model _____ Body Style _____ Dealer Name and Signature |
| (5) Amount Finance (3 & 4)......................$ _____ (5) | Yr. _____ |
| (6) Finance Charge......................$ _____ (6) | |

(SELLER SELECTION... OPTIONS  Vehicle Options. Valid entries are checked [has option] and Blank [does not]. NOTE: Only one of 3PSD, 4SPD, and 5SPC may be entered.

| | | | | | |
|---|---|---|---|---|---|
| ☐ AUTO  Automatic transmission | ☐ 4WD  Four wheel drive | ☐ PSEAT  Power seats | S/R  Sun roof |
| ☐ 3SPD  Three speed transmission (see note above) | ☐ PBRK  Power brakes | ☐ AC  Air conditioning | V/R  Vinyl roof |
| ☐ 4SPD  Four speed transmission (see note above) | ☐ PSTR  Power steering | ☐ FM  FM stereo radio | CRSE  Cruise control |
| ☐ 5SPD  Five speed transmission (see note above) | ☐ PWIN  Power windows | ☐ TAPE  Tape deck | SPRTW  Sports wheels |

VEHICLE INSURANCE is required for the full term of the Contract, at your expense, against the hazards of fire, theft and accidental physical damage (including collision). This insurance must protect the interests of you and the lender. The polic__
issued by the insurance company will describe the terms and conditions. YOU MAY CHOOSE THE PERSON THROUGH WHOM ANY INSURANCE IS OBTAINED.
IF YOU WISH TO APPLY FOR VEHICLE INSURANCE IN CONNECTION WITH THIS CREDIT APPLICATION, COMPLETE AN INSURANCE APPLICATION FORM - ( 11 DMA).

I/we certify that the information provided on this application is, to the best of my/our knowledge, complete and accurate. We understand that the financial institution(s) will rely on the information to judge my/our credit worthiness, and will re__
this application and information about me/us whether or not this application is approved. Further, we authorize an investigation of my/our credit and employment history. We authorize the lender to release information about its experience with me/us
We understand that false statements may subject me/us to criminal penalties.
FAIR CREDIT REPORTING ACT DISCLOSURE: This application for credit may be submitted by the Dealer to various financial institutions. Before this application is submitted, the Dealer will disclose
me, the name and address of the institution(s) who will receive copies of this application.
NEW YORK AND OHIO RESIDENTS: SEE THE REVERSE SIDE OF THIS APPLICATION FOR FURTHER IMPORTANT DISCLOSURES AND INFORMATION

Applicant's Signature: *Wendolyn Thompson*   Date 1-18 1996   Co-Applicant's Signature: *Albert Thompson* ☐ (CHECK WHICH APPLIES) ☑ INDIVIDUAL ☐ PARTNERSHIP ☐ CORPORATE   Date 1-18 19__

WOF 533 (10/93)

NEW YORK RESIDENTS — CONSUMER RE... QUEST, ... QUESTED ... ENCY THAT ... EDIT, SUB...

...Y BE REQUESTED IN CONNECTION WITH THIS APPLICATION. UP... ...NFORMED AS TO WHETHER OR NOT A CONSUMER REPORT W... ...RED OF THE NAME AND ADDRESS OF THE CONSUMER REPORTI... ...D THE REPORT, ON ANY UPDATE, RENEWAL OR EXTENSION OF TH... ...ONSUMER REPORTS MAY BE UTILIZED.

OHIO RESIDENTS — OHIO LAWS ...JALLY AVAILA ...ENCIES MAIN ...F OHIO CIVIL

...DISCRIMINATION REQUIRE THAT ALL CREDITORS MAKE CRED... ...LL CREDIT WORTHY CUSTOMERS, AND THAT CREDIT REPORTI... ...ARATE CREDIT HISTORIES ON EACH INDIVIDUAL UPON REQUES... ...COMMISSION ADMINISTERS COMPLIANCE WITH THIS LAW.

2005-CV-938-M

*Def. I.D. 23*

NAME ALBERT THOMPSON
ADDRESS 200 RAY HAVEN

CITY DOTHAN   STATE AL   ZIP 36301

ADDRESS 4003 Ross Clark Circle N.W.
CITY Dothan   STATE AL   ZIP 36303

You agree to pay us the amount shown as Total of Payments in consecutive monthly installments commencing on the first due date as shown and on the same day of each succeeding month until paid in full

| New or Used | Year | Make | Body Style | Model No | No of Cyl | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|---|---|
| USED | 93 | PONTIAC | 4DR | GRANDAM SE | 4 | 1G2NE5433PM592106 | 65709 |

EXTRA EQUIPMENT (Please Check)

- [X] Automatic Trans
- [ ] Tinted Glass
- [ ] Electric Windows
- [X] Air Conditioner
- [X] Power Steering
- [ ] Electric Seats
- [ ] Vinyl Roof
- [ ] Power Brakes
- [ ] Radio AM-FM
- [ ] Sun Roof
- [ ] Tilt Steering Wheel
- [ ] C B Radio
- [ ] Electric Door Locks
- [ ] Other Equipment

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ 900.00 |
|---|---|---|---|---|
| 25.00 % | $ 5915.36 | $ 10000.00 | $ 15915.36 | $ 16815.36 |

Your payment schedule will be

| No of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | $ 331.57 | Feb 18 , 19 96 and same date of each following month. |

Insurance
Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. The term of the insurance shall be the same as the term of your contract

| Type | Premium | Signature | | | |
|---|---|---|---|---|---|
| Credit Life | $ N.A. | Signature of Consumer Requesting Only Life Insurance | | | Age |
| Credit Disability | $ N.A. | Signature of Consumer Requesting Only Life Insurance | | | Age |
| | | Signature of Consumer Requesting Life and Disability Insurance | | | Age |

Security: You are giving a security interest in the goods or property being purchased.
Late Charge: If a payment is late, you we be charged 5% of the unpaid amount of the payment, not to exceed $100.
Prepayment: If you pay off early, you may be entitled to a refund of part of the Finance Charge.
See below and the other side of this contract for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

1 Cash price (including any accessories, services, and taxes) ........................................ 9583.50 (1)

2 Total Downpayment—Trade-in ...... N.A.

| | Make | Year | Gross Trade-in Allowance | Payoff—made by Seller | Trade-in (Net) | plus $ 900.00 Cash Downpayment |
|---|---|---|---|---|---|---|
| | N.A. | | $ N.A. | $ N.A. | $ N.A. | |
| | Model | | | | | |

900.00 (2)

3 Unpaid Balance Of Cash Price (1 minus 2) ........................................ 8683.50 (3)

## ITEMIZATION OF AMOUNT FINANCED

4 Other Charges Including Amounts Paid to Others on Your Behalf:

A Cost of Required Physical Damage Insurance paid to insurance company ........ N.A. ... $ N.A.

Coverages as elected below, for a term of _____ months from the date hereof, shall be based upon actual value of Property at time of loss not to exceed limits of liability set forth in the policy, and shall be payable to Buyer, Seller or Seller's assignee, as interests may appear.

- [ ] Comprehensive $ _____
- [ ] Comprehensive, Fire & Theft
- [ ] Towing and Labor
- [ ] N.A. Deductible Collision
- [ ] No Deductible
- [ ] Combined Additional Coverage

B Cost of Optional Mechanical Repair Insurance paid to ........ N.A. ............... N.A. ... $ N.A.

Coverage is for a term of N.A.

C Cost of Optional Credit Life Insurance paid to insurance company ........................ N.A.

D Cost of Optional Credit Disability Insurance paid to insurance company .................... N.A.

E License, Title and Registration Fees paid to public officials ........................ 16.50

F Other Charges (Seller must identify who will receive payment and describe purpose)
to Fidelity Warranty Services for Carefree Car Protection ......... 1300.00

_____ N.A. _____ for _____ N.A.

Total Other Charges and Amounts Paid to Others on Your Behalf ........................ 1316.50 (4)

5 Amount Financed—Unpaid Balance (3 + 4) ........................................ 10000.00 (5)

Default: If you fail to make any payment on time or default in complying with any of the terms of this contract, we can require the entire amount of principal and accrued charges due and payable at once. If we refer this contract to an attorney who is not our salaried employee for collection which your original amount financed is more than $300, you agree to pay reasonable attorney fees not to exceed 15% of the unpaid debt after default.

Prepayment: You have the right to prepay your contract in full at any time. If you prepay in full ahead of schedule, you will receive a refund or credit of the unearned portion of the finance charge computed by the Rule of 78's. If prepayment occurs on a day other than a scheduled payment date, the nearest scheduled payment date will be used in the computation. If this contract is renewed or refinanced within 15 days after the date of this contract, you will receive a refund of the unearned finance charge computed on a daily pro rata basis. No refunds of less than $1.00 will be made.

Late Payment: If any payment is more than 10 days late, you will pay a charge equal to 5% of the late amount, but not to exceed $100.00.

Bad Check Charge: In the event any payment made by check, draft, negotiable order or other withdrawal or like instrument is dishonored by reason of insufficient funds in or on deposit in the depository institution, you agree to pay us a bad check charge of not more than the greater of either $20.00 or an amount equal to the actual charge made to us by the depository institution.

Interest After Maturity: If any balance remains unpaid after the originally scheduled maturity of this obligation, you agree that the unpaid balance of this obligation will bear interest at the rate stated above (Annual Percentage Rate) unless prohibited by law.

YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM THE AUTOMOBILE PHYSICAL DAMAGE INSURANCE REQUIRED UNDER THIS CONTRACT IS TO BE OBTAINED.

If you are not satisfied for any reason with the Credit Life Insurance or Credit Life or Disability Insurance purchased, you may return, within 15 days from the date hereof, for cancellation the certificate of insurance and a refund of the full premium will be made.

ADDITIONAL TERMS AND CONDITIONS: THE ADDITIONAL TERMS and CONDITIONS SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

Accepted: The foregoing contract is hereby assigned under the terms of the assignment on the reverse side and as initialed below to the following assignee

KELLER FINANCIAL SERVICES
(ASSIGNEE)

0. BOX 15007, CLEARWATER FL 34629
ADDRESS

___ "WITHOUT RECOURSE"   ___ "FULL RECOURSE"   ___ "REPURCHASE"

___ "LIMITED GUARANTEE"   ___ installments have been paid

McDowell Acura
NAME OF DEALER

BY Pernie Burns   TITLE Bus Mgr.

### NOTICE TO BUYER

(1) Do not sign this contract before you read it or if it contains any blank spaces.

(2) You are entitled to an exact copy of the contract you sign.

Buyer hereby acknowledges receipt of an exact and completely filled in copy of this contract at the time of its execution.

CAUTION—IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT

Buyer Wendolyn Thompson
Buyer Albert Thompson

ANY HOLDER OF ... CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DE... COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HER... WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHA... NOT EXCEED A... ... PAID BY THE DEBTOR HEREUNDER.

You", and "Your" refer ...
Assignee.

**Ownership and Risk of ...**

**Security Interest. You ...**

**Required Physical Dama...**

**Optional Insurance or S...**

**Insurance or Service C...**

**Credits to your account ...**

**Repossession of the Vehi...**

**Notice Only To Bu... of Used Vehicles: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THE CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**TERM OF DEALER'S ASSIGNMENT**

We hereby sell and assign ...

(See other side for Dealer's signature to assignmen...)

**"WITHOUT RECOU..."** ...

**"FULL RECOURSE"** ...

**"REPURCHASE"** ...

**"LIMITED GUARAN..."** ...

Property in the vehicle, such as clothing ...

**Getting the Vehicle Back After Repossession.** If the Creditor reposse...

**Sale of the Repossessed Vehicle.** The Creditor will send you a wr...

**Collection Costs.** If the Creditor hires any attorney to collect what you o...

**Delay in Enforcing Rights and Changes of this Contract.** The Creditor...

**Warranties Seller Disclaims. You understand that the Seller is ...**

This provision does not affect any warranties covering the vehicle wh... may be provided by the vehicle manufacturer.

Def.Lib 25

2005-CV-938-M