IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: 2005-CV-938-TM |
| | ) |
| D.A.N. JOINT VENTURE III, L.P. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now the undersigned legal counsel for Plaintiff and files this reply to Defendant's opposition to Plaintiff's Motion for Partial Summary Judgment pursuant to rule 56 of the Federal Rules of Civil Procedure. In reply the Plaintiff states as follows:

**ADDITIONAL ARGUMENT AND ANALYSIS**

1. **Defendant Failed to Address UCC Argument raised by Plaintiff**

In its response to this court's show cause order, the Defendant completely ignores the Plaintiff's argument regarding the Uniform Commercial Code (UCC) secured instrument and note involved in the underlying transaction. The specific statue of limitations arising from the UCC provisions control over the more general statute of limitations under Ala. Code 6-Cite. As state generally by the Alabama Supreme Court, in regard to statutory construction, that one rule of statutory construction requires the court to harmonize provisions of separate

acts as far as practical. Further that where there is a conflict between two statutes, *"the specific statute relating to a specific subject will prevail over the general statute relating to a broad subject."* See generally, *Ex parte Jones Mfg. Co.*, 589 So.2d 208, 211 (Ala.1991) and *Weathers v City of Oxford*, 895 So2nd. 305, 310 (Ala. Civ. App 2004).

In the present matter, the two statutes of limitations include the general statute for actions that must be filed within six years, Ala. Code 6-2-34 (1975) and the more specific UCC six year statute of limitations applicable to the secured instrument. Defendant's response uses the *Williams* case as its basis for argument that the statute of limitation has not expired. However, as stated below, that case was decided under a different statute of limitation code section.

Further, Defendant's lack of response to the UCC argument is an admission that the law is controlling and proper for consideration by this court in ruling upon Plaintiff's motion for partial summary Judgment.

## 2. *Williams v Williams, 497 So.2d 481(Ala. 1986)* is not controlling and not applicable.

The *Williams v Williams* case is cited as controlling by Defendant. The *Williams* case arises out of litigation from the probate of an estate. The son of the deceased had power of attorney for his mother and he made loans to himself through the power of attorney. The issue was over the estate's recovery of these notes. The case details that the notes were not secured or subject to a security agreement that is present in the current case. Also, the *Williams'* case turns on application of the 10 year statute for Notes under Seal. Presumably, the notes were apparently under seal. The case has been cited by other cases on Westlaw, exactly one time on another issue involved in the case regarding the "dead man statute."

2

The *Williams* case was decided under Ala. Code Section 6-2-33, which provides a ten year statute of limitations for actions on notes that are "Under Seal." No facts before this court places the secured instrument involved in the purchase of the used automobile as a note or agreement that is under seal. Therefore, the provisions of 6-2-33 are not applicable.

The Williams case is easily distinguished from the present facts and is not controlling law for this matter. The present case statute of limitation issue is a determination of the appropriate 6 year statute of limitation to apply to the secured instrument given for the purchase of the used automobile, the subsequent repossession and sale of the vehicle and the acceleration of the note as part of the auto's sale after repossession.

Respectfully Submitted,

Gerald A. Templeton, Esq.
**One of the Attorneys for Plaintiff**

**OF COUNSEL:**
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park
Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2007, I served by Electronic Transmission, a true and correct copy of the foregoing document to the following parties:

**Jack R. Thompson, Jr., Esq.**
Kracke & Thompson LLP
2204 Lakeshore Drive, Suite 306
Birmingham, AL 35209
205-933-2756

**David G. Poston, Esq.**
Espy, Metcalf & Poston
P.O. Drawer 6504
Dothan, AL 36302
334 793 6288

_____
OF COUNSEL

4