IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-938-TFM |
| | ) | [wo] |
| D.A.N. JOINT VENTURE III, L.P. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER ON MOTION**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 8-9, filed January 11, 2006) and 28 U.S.C. § 636(c).

Upon of review of the *Motion for Partial Summary Judgment*, filed by Plaintiff Albert Thompson (Doc. 37, filed December 29, 2006), *Defendant's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment* (Doc. 40, filed January 29, 2007), and *Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Doc. 42, filed February 6, 2007), and taking into consideration the backdrop of controlling Alabama law, the court grants partial summary judgment.

**I. PARTIES**

Plaintiff, Albert Thompson ("Thompson" or "Plaintiff"), resides in Houston County, Alabama, within the Middle District of Alabama.

Defendant is D.A.N. Joint Venture III, L.P. ("DAN" or "Defendant") is a limited

partnership created under Ohio law whose principal place of business is 100 N. Center Street, Newton Falls, Ohio 44444-1321.

## II.   NATURE OF THE CASE/FACTUAL BACKGROUND

The underlying facts of this lawsuit - necessarily viewed in the light most favorable to Defendant - are undisputed in significant part.[1]  On January 18, 1996, Plaintiff, Albert Thompson, and his wife Gwendolyn Thompson, purchased a used car for personal use from McDowell Acura in Dothan, Alabama.  Thompson and his wife executed a Promissory Note, Truth in Lending Disclosure Statement, and Security Instrument in the principal amount of ten thousand dollars ($10,000.00).  The assignee of the note was Keller Financial Services. The note provided for forty-eight (48) consecutive monthly payments beginning February 18, 1996.  The note contained an optional acceleration clause in event of default.  Plaintiff made several payments on the Promissory Note, the last payment being made on August 29, 1996.  No additional payments were made by the Thompsons under the agreement.

On October 18, 1996, Keller Financial Services involuntarily repossessed the vehicle and sent the Thompsons notice of acceleration of the debt owed or the automobile would be sold at a private sale.  The car was eventually sold at a private auction.  After a series of assignments, the contract was eventually assigned to Defendant.  Plaintiff has never made any payments to Defendant.  On October 4, 2004, Defendant filed a civil action in Houston County, Alabama against Plaintiff and his wife to collect on the outstanding debt from the note.

---

[1]  *See* Plaintiff's *Motion for Partial Summary Judgment* (Doc. 37) and *Defendant's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment* (Doc. 40).

Plaintiff alleges the civil action filed in Houston County constitutes a violation of the Fair Debt Collection Practices Act (FDCPA) as the suit is time barred by the Alabama Statute of Limitations. Plaintiff alleges the statute of limitations began to run on October 18, 1996, the date of acceleration, while Defendant contends the statute of limitations started to run January 18, 2000, when the last installment under the note was due and unpaid.

### III. PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment on the dispositive liability issue of whether the statute of limitations expired prior to Defendant filing civil suit in state court. Plaintiff states Defendant's lawsuit to collect a time-barred debt violates the Fair Debt Collection Practices Act (FDCPA).

Plaintiff's motion was filed on December 29, 2006. (Doc. 37) Defendant filed its response on January 29, 2007. (Doc. 40). Plaintiff filed a reply on February 6, 2007. (Doc. 42). Defendant contends the statute of limitations begins to run when the debt matures. Specifically, the debt did not mature until the last installment is due and unpaid.

### IV. SUMMARY JUDGEMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are

material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'"). Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)). Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for

summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Johnson*, 263 F.3d at 1242-43; *Smith v. F.D.I.C.*, 61 F.3d 1552, 1562 n. 18 (11th Cir. 1995) (on summary judgment, the court resolves all reasonable doubts about the facts in favor of the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23.

## V.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Plaintiff contends the applicable statute is the six (6) year statute of limitations provided by a Secured Instrument under Alabama UCC Articles 3 and 9 (Ala. Code § 7-3-118(a) and (g)), but alternatively asserts the debt would also be time barred under the General Alabama Statute of Limitations for Contracts (Ala. Code § 6-2-34), which is also six (6) years. *See* Doc. 37, pages 4, 8, 11. Defendant asserts the applicable statute of limitations is the six (6) year statute of limitations applicable to actions on contracts (Ala. Code § 6-2-34).

*See* Doc. 40, page 2.  For all practical purposes, the parties agree a six (6) year statute of limitations is applicable, but disagree which Alabama code is controlling and when the six year statute of limitations begins to run.

The statute of limitations under Ala. Code 7-3-118(a) states "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Ala. Code § 7-3-118(a).  The statute of limitations under Ala. Code § 6-2-34 states an action upon any simple contract must be commenced within six years. Ala. Code § 6-2-34(9).  The court need not address the differences between the two statutes because under Alabama common law, as the result in this case is the same either way.

**B.     Alabama common law on acceleration clauses**

Defendant asserts Alabama caselaw considers "the optional acceleration clause to be for the benefit of the creditor, and have held that the debt does not mature for the purpose of the statute of limitations until the last installment is due and unpaid." *Williams v. Williams*, 497 So.2d 481, 482 (Ala. 1986) (citing *Williamson v. Shoults*, 423 So.2d 874 (Ala.Civ.App. 1982)).  While there is no disputing an optional acceleration clause is for the benefit of the creditor, the above rule only holds true if the acceleration clause is not exercised.  Alabama courts have historically considered optional acceleration clauses to be for the benefit of the creditor where "***unless he exercises the option***, the debt does not mature for the purpose of the statute of limitations until the last installment is due and unpaid." *Williamson*, 423 So.2d

6

at 877 (citing *Summers v. Wright*, 231 Ala. 372, 165 So. 87 (1935)) (emphasis added). Should a creditor decide *not* to exercise the acceleration clause, the statute of limitations does not begin to run until the last installment is due and unpaid. *See Maynor v. Dillin*, 241 Ala. 362, 364, 2 So.2d 440 (1941) (since option to accelerate payment was never exercised, the statute of limitations did not begin to run). However, should a creditor choose to invoke the optional acceleration clause, the statute of limitations begins to run on that date. *See Evans v. Kilgore*, 246 Ala. 647, 649-650, 21 So.2d 842, 843 (1945) (election to mature entire indebtedness, evidenced by notes secured by mortgage, as of date on which first of notes became due, matured all notes for <u>all</u> purposes on such date, so that action for the balance due thereon was barred by statute of limitations six years thereafter).

**C.    Application**

Plaintiff asserts that it does not matter whether Ala. Code § 7-3-118(a) or Ala. Code § 6-2-34(9) applies as the statute of limitations has run either way. The Court rules the collection of the debt is time barred six (6) years from the date of acceleration. The evidence reveals that Plaintiff was informed by letter dated October 18, 1996, that, in accordance with the terms of the contract, the vehicle had been repossessed. *See* Def. I.D. pg. 169. The letter also informed Plaintiff the vehicle would be sold at a private sale any time after October 28, 1996. *Id*. Under the terms of the contract, the entire outstanding indebtedness was accelerated and had become immediately due and payable to Keller Financial Services as a result of the default. *Id.* Plaintiff was further informed that to redeem the vehicle, he would have to pay $12,284.34 prior to the sale. *Id*. It is undisputed Plaintiff never paid this amount

to Keller or Defendant. Moreover, it is also undisputed that on December 5, 1996, the vehicle was sold to Randy's Auto Sales. *See* Def. I.D. pgs. 151, 155. All of the above demonstrates clear evidence that the indebtedness was accelerated pursuant to the terms of the contract. *See Ruffin v. Nissan Motor Acceptance Corp.*, 953 F. Supp. 373 (M.D. Ala. 1996) (letter evidencing repossession and acceleration); *cf., Smith v. F.D.I.C.*, 61 F.3d 1552, 1562-63 (11th Cir. 1995) (where there was not clear evidence showing if or when bank invoked acceleration clause granting summary judgment on statute of limitations would be improper).

Plaintiff received notice of the debt acceleration on October 18, 1996. October 18, 1996 is clearly the date the statute of limitation began to run, thus, the statute of limitations expired on October 18, 2002. Defendant filed suit October 8, 2004 which was obviously after the expiration of the statute of limitations. *See* Def. I.D. pgs 7-16. "A debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that the limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt." *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987). Like *Kimber*, there are two potentially applicable statutes of limitations, but regardless of which statute is applied to the alleged debt, the limitations period had run. *Id.* at 1488. Therefore, the court must conclude that Defendant violated § 1692(e) and § 1693(f) the FDCPA when it filed suit against Plaintiff.

### VI. CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, it is **ORDERED** as follows:

(1)     Plaintiff's *Motion for Partial Summary Judgment* (Doc. 37, filed December 29, 2006) is **GRANTED**.

(2)     The remaining issues before this court pertain exclusively to damages, attorneys' fees, and costs of litigation.

DONE this 13th day of February, 2007.

                                            /s/Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE