IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-938-TFM |
| | ) | [wo] |
| D.A.N. JOINT VENTURE III, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR DIRECTED VERDICT**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 8-9, filed January 11, 2006) and 28 U.S.C. § 636(c).  Beginning May 21, 2007, the Court held a two-day trial in this action.  At the conclusion of Plaintiff's case in chief, Defendant made an oral motion for directed verdict which the Court stated it would take under consideration.  After reviewing the evidence presented, the Court hereby denies the oral Motion for Directed Verdict .

On a motion for directed verdict, the court must review all the evidence in the light most favorable to, and with all reasonable inferences drawn in favor of, the nonmoving party. *University of Florida v. KPB*, 89 F.3d 773, 775 (11th Cir. 1996) (citing *MacPherson v. University of Montevallo*, 922 F.2d 766, 770 (11th Cir. 1991)).  "If the facts and inferences are so strong and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict, the grant of a directed verdict is proper." *Id.*

(citing *Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989)). "If, however, substantial evidence is presented opposed to the motion, and this evidence is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion must be denied." *Id*. (citing *Verbraeken*, 881 F.2d at 1045).

Applying this standard to the facts of this case, the court finds the plaintiff did suffer actual damages from the defendant's efforts to collect the debt owed by plaintiff by filing a lawsuit which was beyond the statute of limitations. Specifically, Plaintiff Albert Thompson and his wife, Wyndolyn Thompson, testified Plaintiff suffered from sleep loss, increased anxiety and emotional distress. In addition, Plaintiff Albert Thompson and his wife testified about unsuccessful efforts by Plaintiff to obtain loans from various financial institutions. The undisputed evidence at trial shows the Plaintiff received loan approval prior to Defendant filing the time barred lawsuit. Undisputed evidence further shows after Defendant filed the time barred lawsuit and obtained a default judgment against Wyndolyn Thompson, Plaintiff was unable to obtain a renewal of the initial loan commitment. Defendant concedes the default judgment obtained against Wyndolyn Thompson was erroneously captured on the credit report of Plaintiff Albert Thompson. No evidence shows that Defendant DAN directed any reporting agency to annotate the default judgment in Plaintiff's credit file. Nonetheless, DAN filed the lawsuit which was the proximate cause for the erroneous notation. Drawing credibility choices and inferences in favor of the nonmovant Plaintiff, the Court hereby

denies the motion for directed verdict as plaintiff has presented evidence of sufficient quality and weight where a reasonable and fair-minded person might reach different conclusions regarding the alleged damages under 15 U.S.C. § 1692k.

DONE this 22nd day of May, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE