IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-938-TFM |
| | ) | [wo] |
| D.A.N. JOINT VENTURE III, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND JUDGMENT**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 8-9, filed January 11, 2006) and 28 U.S.C. § 636(c). Beginning May 21, 2007, the Court conducted a two-day trial in this action. For the reasons detailed below, the Court enters judgment in favor of the Plaintiff and against Defendant for actual damages in the amount of $38,000.00 under 15 U.S.C. § 1692(a)(1). The Court further finds in favor of the plaintiff statutory damages under 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00.

**I. PARTIES**

Plaintiff, Albert Thompson ("Thompson" or "Plaintiff"), resides in Houston County, Alabama, within the Middle District of Alabama.

Defendant is D.A.N. Joint Venture III, L.P. ("DAN" or "Defendant") is a limited partnership created under Ohio law whose principal place of business is 100 N. Center Street,

Newton Falls, Ohio 44444-1321.

## II.  NATURE OF THE CASE/FACTUAL BACKGROUND

On January 18, 1996, Plaintiff Albert Thompson and his wife Wendolyn Thompson, purchased a used car for personal use from McDowell Acura in Dothan, Alabama. Thompson and his wife executed a Promissory Note, Truth in Lending Disclosure Statement, and Security Instrument in the principal amount of ten thousand dollars ($10,000.00).  The assignee of the note was Keller Financial Services.  The note provided for forty-eight (48) consecutive monthly payments beginning February 18, 1996.  The note contained an optional acceleration clause in event of default.  Plaintiff made several payments on the Promissory Note, the last payment being made on August 29, 1996.  No additional payments were made by the Thompsons under the agreement.

On October 18, 1996, Keller Financial Services involuntarily repossessed the vehicle and sent the Thompsons notice of acceleration of the debt owed or the automobile would be sold at a private sale.  The car was eventually sold at a private auction.  After a series of assignments, the contract was eventually assigned to Defendant.  Plaintiff has never made any payments to Defendant.  On October 4, 2004, Defendant filed a civil action in Houston County, Alabama against Plaintiff and his wife to collect on the outstanding debt from the note.

On February 13, 2007, the Court granted Plaintiff's Motion for Partial Summary Judgment holding Defendant's civil action was filed after the statute of limitations expired

and thus violated the Federal Debt Collection Practices Act ("FDCPA"). The remaining issues to be tried would be damages, costs, and attorneys' fees under 15 U.S.C. § 1692k.

On May 21, 2007, trial commenced on the remaining issues. Four witnesses were presented: Plaintiff Albert Thompson, Tonya Newsome, Wendolyn Thompson, and Timothy Dugic. Further, Plaintiff entered portions of the deposition testimony of Ted Lance. The trial lasted one and a half days and the Court entered an oral verdict on the record on May 22, 2007. This Memorandum Opinion and Judgement is the written form of the oral judgment already rendered.

### III.   DISCUSSION AND ANALYSIS

The court finds the defendant has not shown by a preponderance of the evidence the violation was not intentional or the result of a bona fide error. Defendant presented no evidence which the court finds credible that the defendant maintains procedures designed and adapted to avoid such errors. Specifically the court discounts the testimony of Tim Dugic the violation was unintentional. Mr. Dugic was not the person responsible for any of the actions Defendant took to collect the debt owed by the Plaintiff. The evidence the court finds credible is the testimony of Mr. Dugic that DAN had no procedures, much less any procedures reasonably adapted to prevent, errors such as the filing of time barred lawsuits. Minimal procedures in the case at bar would have disclosed the time barred nature of the debt. Even if, Defendant had a honest belief the debt was not time-barred, Defendant DAN was on notice after the summary judgment opinion the debt was barred by the statute of

limitations. Despite the summary judgment opinion, Defendant admits they have taken no action whatsoever to date to set aside the default judgment rendered in the underlying state action. Thus, in the extreme light most favorable to Defendant, what may have begun as an unintentional act converted into a willful act which is the proximate cause of Plaintiff's damages. To be clear and certain, the Court finds the actions by Defendant DAN were intentional and not the result of bona fide error.

The Court agrees with Defendant, the default judgment obtained against Wyndolyn Thompson was wrongfully reported on the credit report of Plaintiff Albert Thompson by persons other than Defendant. The court finds no evidence Defendant DAN directed any reporting agency to annotate the default judgment in plaintiff's credit file. The lack of evidence regarding why the information was placed in the credit file of Plaintiff is of no consequence inasmuch as Defendant DAN should not have filed a time barred suit against either Plaintiff Albert Thompson or his wife, Wendolyn Thompson. The time barred lawsuit is the essence of the Fair Debt Collection Practices violation and the derogatory credit information stemming from the unfair practice i.e. the time barred suit is the proximate cause of the credit chill suffered by Plaintiff Albert Thompson.

### IV.  CONCLUSION

Pursuant to the foregoing *Memorandum Opinion and Judgment* the Court finds:

(1)  **JUDGMENT** in favor of Plaintiff and against Defendants for which let execution follow.

(2) Actual damages under 15 U.S.C. § 1692(a)(1) in the amount of thirty-eight thousand dollars (**$38,000.00**).

(3) Statutory damages under 15 U.S.C. § 1692k(a)(2)(A) in the amount of one thousand dollars (**$1,000.00**).

(4) Reasonable costs and attorneys' fees are **TAXED** against Defendant. The specific amount shall be determined pursuant to the Court's Order entered May 23, 2007. *See* Doc. 60.

DONE this 5th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE